1  Jesse J. Maddox, Bar No. 219091
   jmaddox@lcwlegal.com
2  Nicholas M. Grether, Bar No. 268848
   ngrether@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  5250 North Palm Ave, Suite 310
   Fresno, California 93704
5  Telephone:  559.256.7800
   Facsimile:  559.449.4535
6
7  Attorneys for Defendants THE CITY OF PLEASANTON,
   THE PLEASANTON POLICE DEPARTMENT, DAVID
   SWING, LARRY COX, and BRIAN DOLAN
8

9               UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

11

12  PETER MCNEFF, an individual,,          Case No.:  3:23-cv-00106-AMO

              Plaintiff,                   Complaint Filed: January 10, 2023
13
        v.                                 **DEFENDANTS' NOTICE OF MOTION
14                                         AND MOTION TO DISMISS
    THE CITY OF PLEASANTON, a              AMENDED COMPLAINT;
15  City within the State of California;   MEMORANDUM OF POINTS AND
    THE PLEASANTON POLICE                  AUTHORITIES**
16  DEPARTMENT, a Division of
    defendant City; DAVID SWING,           [Filed concurrently with Request for
17  an individual; LARRY COX, an           Judicial Notice; [Proposed] Order re Motion
    individual; BRIAN DOLAN, an            to Dismiss; and [Proposed] Order re Request
18  individual; and DOES 1-10,             for Judicial Notice]
    individuals,
19                                         Date:     June 22, 2023
              Defendant.                   Time:     2:00 p.m.
20                                         Ctrm:     10

21

22

23       TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES

24  AND THEIR ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on Thursday, June 22, 2023, at 2:00 p.m., or

26  as soon thereafter as counsel may be heard in Courtroom 10, of the above-entitled

27  Court, Defendants THE CITY OF PLEASANTON ("City"), a City within the State

28  of California; THE PLEASANTON POLICE DEPARTMENT ("Department" or

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

"PPD"), a Division of defendant City; DAVID SWING ("Chief Swing"), an individual; LARRY COX ("Captain Cox"), an individual; and BRIAN DOLAN ("Dolan"), an individual (Chief Swing, Captain Cox, and Dolan are referred to collectively as "Individual Defendants" where appropriate, and the Individual Defendants, Department and City are referred to collectively as "Defendants"), will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the claims of PETER MCNEFF'S ("Plaintiff") Amended Complaint in their entirety and without leave to amend. The Motion is based on the following grounds:

1. Plaintiff's first claim against the Individual Defendants fails to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2. Plaintiff's first claim against the Individual Defendants fails because the Individual Defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

3. Plaintiff's first claim against the City and the Department fails to state a claim upon which relief can be granted and Plaintiff does not plead a constitutional right violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a "final policymaker." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

4. Plaintiff's second and third claims against the City and Department fail because Plaintiff does not plead compliance or an excuse from complying with the California Government Claims Act. *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (2008); Cal. Gov. Code § 900, *et seq*.

5. Plaintiff's third claim against the City and Department fails because

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

California Labor Code section 96(k) only permits the California Labor Commissioner to take assignment of a claim filed by an employee.  Cal. Lab. Code § 96.

Defendants' Motion will be based on this Notice and Motion, the Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, all pleadings and papers filed by the parties herein, and any other oral and documentary evidence presented at or before the hearing on this Motion.

Dated:  May 15, 2023                    LIEBERT CASSIDY WHITMORE

By    */S/ Nicholas M. Grether*
      Jesse J. Maddox
      Nicholas M. Grether
      Attorneys for Defendants THE
      CITY OF PLEASANTON, THE
      PLEASANTON POLICE
      DEPARTMENT, DAVID
      SWING, LARRY COX, and
      BRIAN DOLAN

12014799.1 PL068-025

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................6

II.    FACTS ..................................................................................................................7

III.   PROCEDURAL HISTORY....................................................................................9

IV.    LEGAL STANDARD.............................................................................................9

V.     LEGAL ARGUMENT..........................................................................................10

       A.     PLAINTIFF'S FIRST CLAIM FAILS AS A MATTER OF LAW .....................10

              1.     Plaintiff Has Failed to State a Claim for Relief against the
                     Individual Defendants ................................................................10

              2.     The Individual Defendants are Entitled to Qualified
                     Immunity....................................................................................12

              3.     Plaintiff Has Not Established Municipal Liability....................14

       B.     PLAINTIFF'S SECOND AND THIRD CLAIMS FAIL AS A
              MATTER OF LAW ....................................................................................18

              1.     Plaintiff Did Not Comply with the Government Claims Act ....18

              2.     There is no Private Right of Action under Labor Code 96(k) ...19

VI.    CONCLUSION.....................................................................................................19

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave. Suite 310

2

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

### <u>Federal Cases</u>

4

*Ashcroft v. Iqbal*
    556 U.S. 662
    129 S.Ct. 1937 (2009)......................................................................................................10

5

6

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 .................................................................................................................10

7

8

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (citing *Papasan v. Allain*, 478 U.S.
    265, 286, 106 S.Ct. 2932 (1986)..............................................................................10, 12

9

10

*Branch v. Tunnell*
    14 F.3d 449, 454 (9th Cir. 1994) ....................................................................................10

11

*Branch v. Tunnell*
    14 F.3d 449 (9th Cir. 1994); *overruled on other grounds as recognized in*
    *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).......................10

12

13

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*
    149 F.3d 971 ..................................................................................................................13

14

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*
    149 F.3d 971 (9th Cir. 1998) (quoting *Knox v. Southwest Airlines,* 124 F.3d
    1103 (9th Cir. 1997).......................................................................................................13

15

16

*Burns v. County of King*
    883 F.2d 819 (9th Cir. 1989) ..........................................................................................15

17

18

*Butler v. Los Angeles County*
    617 F.Supp.2d 994 (C.D. Cal. 2008) ..............................................................................18

19

*City of Canton, Ohio v. Harris*
    489 US 378 (1989)..........................................................................................................17

20

*City of St. Louis v. Praprotnik*
    485 U.S. 112 (1988)...................................................................................................16, 17

21

22

*Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987) ..........................................................................................9

23

24

*Ellins v. City of Sierra Madre*
    710 F.3d 1049 (9th Cir. 2013) ....................................................................................15, 16

25

*Enesco Corp. v. Price/Costco, Inc.,*
    146 F.3d 1083 (9th Cir. 1998) ..........................................................................................9

26

*Gillette v. Delmore*
    979 F.2d 1342 .................................................................................................................15

27

28

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave. Suite 310

3

5

*Gillette v. Delmore*
    979 F.2d 1342 (9th Cir. 1992), *cert. denied*, 510 U.S. 932 (1993)..........................................15

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982)..........................................................................................................12

*Lassiter v. City of Bremerton*
    556 F.3d 1049 (9th Cir. 2009) ...........................................................................................15

*Mack v. South Bay Beer Distributors*
    798 F.2d 1279 (9th Cir. 1986) ...........................................................................................10

*Monell v. Department of Social Services*
    436 U.S. 658 (1978)....................................................................................15, 16, 17, 18

*Mullis v. United States Bankruptcy Court*
    828 F.2d 1385 (9th Cir. 1987) .............................................................................................9

*Navarro v. Block*
    72 F.3d 712 (9th Cir. 1995) ..............................................................................................17

*Parrino v. FHP, Inc.*
    146 F.3d 699 (9th Cir. 1988) ............................................................................................10

*Rizzo v. Goode*
    423 U.S. 362 (1976)..........................................................................................................15

*Saucier v. Katz*
    533 U.S. 194 ......................................................................................................................12

*Saucier v. Katz*
    533 U.S. 194 (2001), abrogated in part on other grounds by *Pearson, v.
    Callahan* 555 U.S. 223 (2009) ...........................................................................12, 13, 14

*Sprewell v. Golden State Warriors*
    266 F.3d 988 (9th Cir. 2001) ...............................................................................................9

*West v. Atkins*
    487 U.S. 42 (1988).............................................................................................................14

*Williams v. Gorton*
    529 F.2d 668 (9th Cir. 1976) .............................................................................................15

**State Cases**

*Dixon v. City of Turlock*
    219 Cal.App.3d 907 (1990) ...............................................................................................18

*Lozada v. City & County of San Francisco*
    145 Cal.App.4th 1139 (2006) ............................................................................................18

**Federal Statutes**

42 United States Code section 1983 ................................................................................6, 9

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**State Statutes**

California Government Code section 3201.....................................................................................9

California Government Code section 900....................................................................................18

California Government Code sections 905.7, 905.9, 945.4 ........................................................18

California Government Code section 34851................................................................................16

California Government Code section 911.4.................................................................................18

California Labor Code section 96..........................................................................................7, 19

California Labor Code section 96(k) ...........................................................................................9

California Labor Code sections 1101, 1102 ...............................................................................9

**Rules**

Federal Rules of Civil Procedures,Rule 12(b)(6) ...............................................................9, 13

Liebert Cassidy Whitmore Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

12014834.4 PL068-025

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave. Suite 310

Defendants THE CITY OF PLEASANTON ("City"), a City within the State of California; THE PLEASANTON POLICE DEPARTMENT ("Department" or "PPD"), a Division of defendant City; DAVID SWING ("Chief Swing"), an individual; LARRY COX ("Captain Cox"), an individual; and BRIAN DOLAN ("Dolan"), an individual (Chief Swing, Captain Cox, and Dolan are referred to collectively as "Individual Defendants" where appropriate, and the Individual Defendants, Department, and City are referred to collectively as "Defendants"), hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiff PETER MCNEFF'S ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    **INTRODUCTION**

Plaintiff alleges that, on January 7, 2021, the Department received a complaint that Plaintiff attended a "Stop the Steal" rally, which precipitated the unprecedented events in Washington, D.C., on January 6, 2021. This information was found on Plaintiff's Facebook page, which led to the discovery of other offensive posts. An investigation determined that Plaintiff had attended the "Stop the Steal" rally in Sacramento, CA, not Washington, D.C., but had not engaged in misconduct by doing so. However, the investigation sustained other violations of City and Department policies.

After the investigation and after a *Skelly* conference, Plaintiff was terminated from his position as a police officer based on the sustained allegations in the investigation report. Plaintiff filed this lawsuit, alleging a violation of the First Amendment (via 42 U.S.C. § 1983), and retaliation in violation of several California Labor Code and California Government Code sections.[1] Plaintiff's Amended Complaint should be dismissed in its entirety for several reasons.

For the first claim, Plaintiff does not identify a policy, custom, failure to

---

[1] The California Labor Code and California Government Code referred to as Labor Code and Government Code, hereinafter

train, or decision by a final policymaker to support the City's or Department's liability under the First Amendment. This is essential to hold a municipality liable under 42 U.S.C. section 1983. In addition, the Individual Defendants are entitled to qualified immunity. Nothing in the Amended Complaint alleges a connection between the alleged improper motive behind the investigation and the ultimate termination, which was based on findings of violations of policies. The Amended Complaint alleges the Individual Defendants performed standard personnel actions, such as informing an investigation subject about an investigation and sending a notice of termination. Thus, Plaintiff's first claim fails against all Defendants.

As to the second and third claims, Plaintiff does not plead compliance with the California Government Claims Act. Compliance with the Claims Act is a mandatory prerequisite to filing a lawsuit against a public entity based on state law claims, and a Plaintiff must plead compliance. Additionally, Plaintiff's third claim should be dismissed because Labor Code section 96 does not provide Plaintiff authority to sue the City or Department for an alleged violation.

For these reasons, Defendants request that the Court dismiss the Amended Complaint without leave to amend.

## II.   **FACTS**[2]

The City terminated Plaintiff's employment as a Police Officer on February 4, 2022. Amended Complaint ¶ 12, 59. On January 6, 2021, Plaintiff attended a "Stop the Steal" rally in Sacramento, California. *Id.* at ¶ 13. He posted pictures of himself and his wife at the rally on his personal Facebook page. *Id.* Another police officer saw Plaintiff's Facebook post and complained to a superior. *Id.* at ¶ 14. This started widespread discussion in the Department, and unidentified people referred to Plaintiff as a "moron." *Id.* On January 7, 2021, a Police Sergeant sent

---

[2] Defendants neither admit nor deny the accuracy of the facts set forth in the Amended Complaint. The operative facts as alleged in Plaintiff's Amended Complaint are set forth for the purpose of this Motion.

Liebert Cassidy Whitmore Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  Chief Swing a memo concluding that Plaintiff attended the rally in Washington,

2  D.C. on January 6, 2021, and associated with extremist groups. *Id.* at ¶ 15. Other

3  officers searched Plaintiff's social media for support of radical and extremist views.

4  *Id.* at ¶ 19.

5      On March 8, 2021, Captain Cox contacted Plaintiff to let him know Chief

6  Swing directed him to conduct a formal investigation. Amended Complaint ¶ 20.

7  An outside law firm investigated five separate allegations against Plaintiff. *Id.* at ¶

8  21. The outside law firm interviewed several PPD officers with respect to each of

9  the five allegations. *Id.* at ¶¶ 24-57. The outside law firm asked questions of the

10  witnesses to determine if the Plaintiff was racist and if Plaintiff had ever interacted

11  inappropriately with members of the public. *Id.* ¶¶ 26-28.

12      The outside investigation sustained two findings against Plaintiff for

13  violations of Department and City policies. Amended Complaint ¶¶ 38, 44-45, 51,

14  54-55. The outside investigator found it was more likely than not that Plaintiff

15  reposted a video and article on social media that could be offensive to Muslims. *Id.*

16  at ¶¶ 44-45. Additionally, the outside investigator found it more likely than not that

17  Plaintiff posted on Facebook threatening violence related to California's COVID-19

18  response. *Id.* at ¶¶ 51-55.

19      Captain Cox reviewed the findings from the investigation and recommended

20  Plaintiff's termination. Amended Complaint at ¶ 63. Chief Swing relied on that

21  recommendation (*id.*), and due to Plaintiff's violation of Department and City

22  policies, the City terminated Plaintiff's employment, effective February 4, 2023.

23  *Id.* ¶ 59. Plaintiff challenged his termination through an arbitration proceeding. *Id.*

24  at ¶ 60. Chief Swing testified at arbitration that it was the violation of Department

25  policies and Plaintiff's anti-Muslim comment that justified termination. *Id.* at 65.

26      In this lawsuit, Plaintiff seeks compensatory, economic, non-economic,

27  consequential, general, special, exemplary, and punitive damages. Amended

28

Liebert Cassidy Whitmore/Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Complaint, at p. 24:5-15.

## III.  <u>PROCEDURAL HISTORY</u>

Plaintiff filed his original Complaint in this Court on January 10, 2023. Defendants filed a Motion to Dismiss, and in response, Plaintiff filed his Amended Complaint on Monday, May 1, 2023. The Amended Complaint alleges the following claims:

1. Violation of Civil Rights – First Amendment (42 U.S.C. § 1983) against all Defendants;

2. Retaliation for Engaging in Political Activity (Cal. Lab. Code §§ 1101, 1102; Cal. Gov. Code § 3201, et seq.) against the City and Department; and

3. Wrongful Discharge for Lawful Off-Duty Conduct (Cal. Lab. Code § 96(k)) against the City and Department.

## IV.  <u>LEGAL STANDARD</u>

A complaint is properly dismissed if the facts contained therein are insufficient to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, a court's review is generally limited to the contents of the complaint, with all allegations of material fact taken as true and construed in the light most favorable to the plaintiff.  *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).  However, allegations in the complaint need not be accepted as true if they are merely conclusory, unwarranted deductions of fact, or unreasonable inferences (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), or if they contradict matters properly subject to judicial notice or by exhibit attached to the complaint.  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

administrative bodies.  *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).  In addition, a defendant may attach to a Rule 12(b)(6) motion any document referred to in a complaint, to show that the document(s) do(es) not support the plaintiff's claim.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *overruled on other grounds as recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).  Thus, a court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon in but not attached to the complaint when authenticity is not contested, and judicially noticeable documents.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988).

## V.   LEGAL ARGUMENT

Each of Plaintiff's claims should be dismissed as a matter of law, without leave to amend. The claims as alleged are: (1) barred by immunities; (2) barred by the failure to comply with the Claims Act; and (3) insufficient to state a claim upon which relief can be granted.

### A.   PLAINTIFF'S FIRST CLAIM[3] FAILS AS A MATTER OF LAW

#### 1.   Plaintiff Has Failed to State a Claim for Relief against the Individual Defendants

The Court must dismiss a claim for relief where the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937 (2009). A pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678. "The plausibility standard is not

---

[3] Plaintiff refers to his counts as causes of action in the Amended Complaint.

Liebert Cassidy Whitmore Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  akin to a 'probability requirement' but it asks for more than a sheer possibility that

2  a defendant has acted unlawfully" or "facts that are 'merely consistent with' a

3  defendant's liability." *Id*.

4          Plaintiff's Amended Complaint contains insufficient allegations against the

5  Individual Defendants to support a First Amendment retaliation claim. The totality

6  of the factual allegations ascribed to each of them in the Amended Complaint are as

7  follows:

8  **Chief Swing**

9  - He received a memo from a sergeant alleging that Plaintiff attended a

10    stop the steal rally. Amended Complaint, ¶ 15.

11  - He directed Captain Cox to review the findings of the investigation

12    and make a recommendation. Amended Complaint, ¶ 62.

13  - He relied on Captain Cox's recommendation for termination.

14    Amended Complaint, ¶ 63.

15  - He engaged in a "purge" of employees whose political values did not

16    align with his values. Amended Complaint, ¶¶ 64, 66.

17  - He deemed Plaintiff's political opinions as "unpopular" and "stupid."

18    Amended Complaint, ¶ 66.

19  **Captain Cox**

20  - He told Plaintiff that Chief Swing had directed him to investigate.

21    Amended Complaint, ¶ 19.

22  - He reviewed the findings of the investigation and recommended

23    Plaintiff's termination. Amended Complaint, ¶ 63.

24  - He engaged in a "purge" of employees whose political values did not

25    align with his values. Amended Complaint, ¶¶ 64, 66.

26  - He deemed Plaintiff's political opinions as "unpopular" and "stupid."

27    Amended Complaint, ¶ 66.

28

Liebert Cassidy Whitmore/Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

- He labeled Plaintiff a racist and political extremist.  Amended Complaint, ¶ 67.

**Brian Dolan**

- He served plaintiff with a notice of termination.[4] Amended Complaint, ¶ 59.

Other than these threadbare allegations, Plaintiff does not allege what actions the Individual Defendants took that will allow this Court to draw the inference that they violated Plaintiff's civil rights. All of Plaintiffs' allegations, with the exception of those listed above, fall within the ambit of the first working principle underlying *Twombly*, namely that the Court need not accept legal conclusions.

Plaintiff has alleged no facts to support his conclusion that the three Individual Defendants can be personally liable for a violation of his First Amendment rights. Plaintiff has not "state[d] a claim to relief that is plausible on its face," and the Court should dismiss the Individual Defendants from this lawsuit.

## 2. The Individual Defendants are Entitled to Qualified Immunity

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Determining whether an individual defendant may assert qualified immunity involves a two-step inquiry: (1) if the facts alleged show that the official's conduct violated a constitutional right and (2) whether the right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 201 (2001), abrogated in part on other grounds by *Pearson, v. Callahan* 555 U.S. 223 (2009).  Qualified immunity is "an entitlement not to stand trial or face the other

---

[4] Assuming that the reference to Mr. Nolan is meant to refer to Mr. Dolan.

1   burdens of litigation." *Saucier*, 533 U.S. at 200 (internal quotes omitted).

2   Therefore, qualified immunity questions should be resolved "at the earliest possible

3   stage in litigation." *Pearson*, 555 U.S. at 232. Accordingly, it is proper for the

4   Court to consider and grant a request for qualified immunity at the Fed. R. Civ. P.

5   12(b)(6) stage.

6        The qualified immunity test " 'allows ample room for reasonable error on the

7   part of the [governmental official]'." *Brewster v. Bd. of Educ. of Lynwood Unified*

8   *Sch. Dist.,* 149 F.3d 971, 976 (9th Cir. 1998) (quoting *Knox v. Southwest Airlines,*

9   124 F.3d 1103, 1107 (9th Cir. 1997).

10           Qualified immunity safeguards 'all but the plainly
             incompetent or those who knowingly violate the law.'" …

11           "'[I]f officers of reasonable competence could disagree on
             th[e] issue [whether a chosen course of action is

12           constitutional], immunity should be recognized.'

13   *Id*.

14        Applying the test here, Plaintiff's Amended Complaint contains nothing

15   other than conclusory allegations to support that any of the Individual Defendants

16   committed a constitutional violation.  Plaintiff amended his original complaint by

17   adding several allegations about what the outside investigator did, such as asking

18   questions to determine if Plaintiff engaged in racist behavior.  He also added

19   conclusory allegations about only Captain Cox and Chief Swing.

20        In sum, Plaintiff claims that Chief Swing received a memo from a sergeant

21   alleging that Plaintiff attended a stop the steal rally. Captain Cox told Plaintiff that

22   Chief Swing directed him to investigate. After the investigation sustained

23   allegations that Plaintiff violated policy, none of which had to do with Plaintiff's

24   political views, Chief Swing directed Captain Cox to review the outside

25   investigator's findings and make a determination on how to proceed.  Captain Cox

26   recommended termination, which Chief Swing "relied on."  None of this constitutes

27   a violation of Plaintiff's constitutional rights, and the only allegation that supports a

28

Liebert Cassidy Whitmore/Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

connection between their alleged activity and a First Amendment violation is a mere conclusion that Captain Cox and Chief Swing knew that their actions violated Plaintiff's First Amendment rights.

As for Mr. Dolan, the sole factual allegation against him is that delivered the notice of termination to Plaintiff based on Plaintiff's violation of City policies, not due to attending the "stop the steal rally.  Plaintiff concedes that his termination notice was not based on attending the stop the steal rally, and he has not alleged, nor can he allege, that Mr. Dolan delivered the notice based on his attendance at the stop the steal rally.

As for the second part of the analysis, whether a right is clearly established depends on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Here, Plaintiff has not alleged any facts suggesting that the Individual Defendants should have been aware that their alleged actions violated Plaintiff's "clearly established" constitutional rights. Captain Cox did nothing more than review an outside investigation and recommend disciplinary action based on sustained policy violations. Chief Swing allegedly directed Captain Cox to review the investigation findings and "relied upon" Captain Cox's recommendation.  Mr. Dolan merely issued the final notice of termination.

Plaintiff's allegations do not support a constitutional violation. Plaintiff only alleges conclusions.  Consequently, the Individual Defendants are entitled to qualified immunity from Plaintiff's First Amendment claim.

### 3.   Plaintiff Has Not Established Municipal Liability

To plead a section 1983 violation, Plaintiff must allege facts from which the Court may infer that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir.

1976). A plaintiff must allege that they suffered a specific injury and show a causal relationship between the defendant's conduct and the injury allegedly suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under section 1983. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (holding that plaintiff's claims of a conspiracy to violate his constitutional rights under section 1983 failed because they were supported only by conclusory allegations).

A municipality may be held liable under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Municipal liability may attach if an employee commits an alleged constitutional violation "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure....' " *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932 (1993). A local governing body can be sued directly under section 1983 for monetary, declaratory or injunctive relief when the allegedly unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690.  Municipalities may be subject to damages when the plaintiff was injured pursuant to the decision of a "final policymaker."  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).  For liability through ratification, Plaintiff must show it was "the product of a conscious, affirmative choice to ratify the conduct in question."  *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009).

Here, Plaintiff describes the actions that led to his termination; however, there are only conclusory statements that two of the Individual Defendants, Chief

Liebert Cassidy Whitmore\Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore/Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    Swing and Mr. Dolan, had policymaking authority.  Amended Complaint ¶¶ 57-66.

2    Despite Plaintiff's conclusory allegation to the contrary, Chief Swing was not a

3    final policy-maker.

4         State law determines whether an official is a policymaker for *Monell*

5    purposes.  *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124 (1988). California

6    permits municipalities to enact regulations creating a "city manager" form of

7    governance.  Cal. Gov't Code § 34851.  Here, Pleasanton's Municipal Code

8    establishes that the "city manager shall be the administrative head of the

9    government … [and] shall be responsible for the efficient administration of all the

10   affairs of the city which are under her or her control."  See RJN, Ex. A, at

11   Pleasanton Muni. Code section 2.08.070.  Further, it "shall be the duty of the city

12   manager and the city manager shall have the authority to control, order and give

13   directions to all heads of departments and to subordinate officers and employees of

14   the city…"  See RJN, Ex. A, at Pleasanton Muni. Code section 2.08.090.  Thus,

15   Chief Swing cannot be considered a policymaker under *Monell* because, per the

16   Pleasanton Municipal Code, he reports to the City Manager.

17        As for Mr. Dolan, as explained above, Plaintiff has not alleged he did

18   anything other than serve the notice of termination. Other than mere conclusions of

19   law, there are no allegations that Mr. Dolan's act of serving the notice of

20   termination was motivated by retaliation for Plaintiff's protected speech or that Mr.

21   Dolan ratified that decision.  See *Ellins*, 710 F. 3d at 1066-1067 [even though City

22   Manager knew about Chief of Police's delay in signing POST application, there

23   was no allegation the delay was in retaliation for protected speech or that the City

24   Manager ratified that decision on that basis].  Plaintiff's allegations are insufficient

25   to establish that Mr. Dolan committed a violation of Plaintiff's constitutional rights

26   that can be attributed to the City for purposes of liability.

27        Additionally, there are no allegations to support municipal liability under any

28

Liebert Cassidy Whitmore Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    other theory under *Monell*.  Plaintiff is alleging an individualized harm resulting

2    from his termination. Nothing about the City's actions were related to an

3    unconstitutional policy.  Plaintiff focuses on the legitimate actions of Captain Cox,

4    Chief Swing, and Mr. Dolan without connecting them to a constitutional violation.

5    Indeed, there are no allegations that the ultimate decision-maker and only person

6    who by law can be a policymaker, either took any actions to violate Plaintiff's

7    constitutional rights or that Mr. Dolan took any conscious action to violate

8    Plaintiff's constitutional rights.  It was the legitimate exercise of authority by the

9    City to investigate and ultimately terminate an employee for violation of policies.

10         Nor does the Amended Complaint support municipal liability through custom

11   or a failure to train.  "Custom" is a "a widespread practice that, although not

12   authorized by written law or express municipal policy, is so permanent and well

13   settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485

14   U.S. at 127.  Evidence of a single act or random acts are insufficient to establish a

15   custom or policy. *Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995).  A

16   municipality is only liable for injuries caused by an alleged failure to train where a

17   plaintiff can show that municipal officials were deliberately indifferent to the rights

18   of the persons with whom the offending employees were likely to come into

19   contact. *City of Canton, Ohio v. Harris,* 489 US 378, 388 (1989).

20         Here, Plaintiff does not allege any custom or failure to train in the Amended

21   Complaint. Plaintiff does not allege that other employees have been subjected to

22   similar employment consequences.  Rather than a failure to train, the Amended

23   Complaint refers to Plaintiff being investigated and subsequently terminated for

24   violations of City and Department policies.  Importantly, while Plaintiff alleges that

25   his termination was for his political activity, the Amended Complaint

26   acknowledges that Plaintiff was exonerated for the related allegation.  Far from a

27   custom or failure to train, this is an example of a City applying its policies in

28

Liebert Cassidy Whitmore
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    deciding to terminate an employee.  Since Plaintiff has not sufficiently alleged a

2    basis for municipal liability under *Monell*, the section 1983 claim against the City

3    and Department should be dismissed without leave to amend.

4           **B.**     **PLAINTIFF'S SECOND AND THIRD CLAIMS FAIL AS A**

5                  **MATTER OF LAW**

6              **1.**     **Plaintiff Did Not Comply with the Government Claims Act**

7          California's Government Claims Act (Cal. Gov't Code § 900, *et seq*.)

8    provides that no suit "for money or damages" may be brought against a public

9    entity unless a written claim is first presented to the governing body of that entity.

10    Cal. Gov't Code §§ 905.7, 905.9, 945.4.  The claim presentation requirement

11    applies to "all actions where the plaintiff is seeking monetary relief, regardless

12    whether the action is founded in tort, contract or some other theory," as long as

13    recovery of money or damages is the primary purpose of plaintiff's claim. *Lozada*

14    *v. City & County of San Francisco*, 145 Cal.App.4th 1139, 1152 (2006). Where, as

15    here, a federal court exercises supplemental jurisdiction over state claims, a plaintiff

16    must allege compliance or excuse from the claim presentation requirement with

17    regard to those state claims.  *Butler v. Los Angeles County*, 617 F.Supp.2d 994,

18    1001 (C.D. Cal. 2008).

19          If a claim for personal injury or property damage is not presented within six

20    months after the claim has accrued, the claimant must submit a written application

21    for leave to file a late claim. Unless the claimant was mentally incapacitated and

22    without a guardian, an application must be filed within a reasonable time ***not to***

23    ***exceed one year*** after claim accrual.  Cal. Gov't Code § 911.4; *Dixon v. City of*

24    *Turlock*, 219 Cal.App.3d 907, 913 (1990) (neither agency nor court may grant relief

25    when claim first presented more than one year after claim accrued).

26          Here, Plaintiff does not plead compliance with or an excuse from the

27    Government Claims Act.  Plaintiff's prayer in the Amended Complaint confirms

28

1   that he is seeking monetary damages for these causes of action.  Amended

2   Complaint, at p. 24:8-11.  Thus, Plaintiff's second and third causes of action should

3   be dismissed.  Additionally, leave to amend should be denied because it has been

4   more than one year since Plaintiff's February 4, 2022 termination, so there is no

5   timely way to file an application for a late claim with the City.

6         **2.**       **There is no Private Right of Action under Labor Code 96(k)**

7         Assuming *arguendo* that Plaintiff could establish or excuse compliance with

8   the Government Claims Act, Plaintiff does not have the right to enforce an alleged

9   violation of this Labor Code section.  The plain language of this section authorizes

10  the Labor Commissioner, "upon the filing of a claim therefor by an employee," to

11  "… take assignments of: … (k) Claims for loss of wages as the result of demotion,

12  suspension, or discharge from employment for lawful conduct occurring during

13  nonworking hours away from the employer's premises."  Lab. Code § 96.

14        Here, Plaintiff does not plead he has made a claim with the Labor

15  Commissioner.  Even if he had, the statute only provides the Labor Commissioner

16  the authority to take an assignment for claims under subdivision (k).  There is

17  nothing in the statute to support the ability for Plaintiff to move forward with a

18  claim for an alleged violation.  The Labor Commissioner is not prosecuting this

19  action on behalf of Plaintiff.  As Plaintiff pleads no other basis for the third claim, it

20  should be dismissed without leave to amend.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss Amended Complaint;
3:23-cv-00106-AMO

Liebert Cassidy Whitmore/Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## VI.    **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety without leave to amend.

Dated:  May 15, 2023                               LIEBERT CASSIDY WHITMORE


                                        By    */S/ Nicholas M. Grether*
                                              Jesse J. Maddox
                                              Nicholas M. Grether
                                              Attorneys for Defendants THE
                                              CITY OF PLEASANTON, THE
                                              PLEASANTON POLICE
                                              DEPARTMENT, DAVID
                                              SWING, LARRY COX, and
                                              BRIAN DOLAN

Liebert Cassidy WhitmoreLiebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss Amended Complaint;
3:23-cv-00106-AMO

12014834.4 PL068-025

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **May 15, 2023**, I served the foregoing document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** in the manner checked below on all interested parties in this action addressed as follows:

Karren Kenney
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA  92626
karren@kenneylegaldefense.us

☑   **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from ltokubo@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **May 15, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Linda Tokubo
Linda Tokubo

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045