KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 BRISTOL STREET, SUITE C204
COSTA MESA, CA 92626
TELEPHONE: (855) 505-5588
E-MAIL: KARREN@KENNEYLEGALDEFENSE.US

Attorney for *Plaintiff Peter McNeff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA-OAKLAND

| | |
|---|---|
| PETER MCNEFF, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF PLEASANTON, a City within the State of California; <br> THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; <br> DAVID SWING, an individual; <br> LARRY COX, an individual; <br> BRIAN DOLAN, an individual; and <br> DOES 1-10, individuals; <br><br> Defendants. | Case No.: 4:23-cv-00106 <br><br> **PLAINTIFFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> CURRENT DATE: 6-22-2023 <br> TIME: 2:00PM <br> COURTROOM: 10 |

Plaintiff, PETER MCNEFF, submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss.

*McNeff v. City of Pleasanton, et al.*                                    Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ……………………………………….. 6

II.  SUMMARY OF FACTS………………………………….. 6

III. LEGAL STANDARD……………………………………. 8

IV. ARGUMENT…………………………………………….. 9

    a.  Plaintiff's First Claim Has Merit……………………….. 9

        i. Plaintiff stated and establish a valid claim for relief against the individual defendants………………………. 9

        ii. The individual defendants are NOT entitled to qualified immunity .......................................................... 11

        iii. Plaintiff established municipal liability ……………. 14

    b.  Plaintiff's Second Claim is not barred because Plaintiff 's Department of Fair Housing and Employment ("DFEH") Amended Complaint is Excepted from the general requirements of The Tort Claims Act…………………………………... 16

    c.  Plaintiff has properly pled a claim pursuant to Labor Code § 96(k) which encompasses the specific conduct in Labor Code § 98.6…………………………………... 18

VI. Conclusion ……………………………………………...…. 19

*McNeff v. City of Pleasanton, et al.*          Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                       Page(s)

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) ……………………………………………...            8, 11

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696, 699 (9th Cir. 1990) …………………………………………            8

*Barbee v. Household Auto. Fin. Corp.,*
    113 Cal.App.4th 525, 533 (2003) ………………………………………….            18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555 (2007) ………………………………………………….            8, 9, 11

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336, 337-38 (9th Cir. 1996) …………………………………….            8

*City of St. Louis v. Praprotnik,*
    485 U.S. 112, 124 (1988 …………………………………………………….            15

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
    911 F.2d 242, 247 (9th Cir. 1990) ………………………………………...            9

*Dunn v. Castro,*
    621 F.3d 1196, 1198-99 (9th Cir. 2010) …………………………….            11, 12

*Eng v. Cooley,*
    552 F.3d 1062, 1070-72 (9th Cir. 2009) ……………………………….            9

*Gonzalez v. Cty. of Merced,*
    2017 WL 6049179, at *2 (E.D. Cal. Dec. 7, 2017) ………………...            15

*Hunter v. Bryant,*
    502 U.S. 224, 227 (1991) …………………………………………..            12

*Huppert v. City of Pittsburgh,*
    574 F.3d 696, 703 (9th Cir. 2009) (overruled on other grounds) …...            9

*Jensen v. City of Oxnard,*
    145 F.3d 1078, 1082 (9th Cir. 1998) ………………………………….            9

*McNeff v. City of Pleasanton, et al.*                                      Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **3** of **19**

*Keates v. Koile,*
    883 F.3d 1228, 1234-35 (9th Cir. 2018) …………………………… 12, 13

*Laizure v. Wash. Cnty. by & through Wash. Cnty. Sheriff's Off.,*
    No. 3:17-cv-1254-SB, 2018 WL 3638124 ………………………… 13

*Larez v. City of Los Angeles,*
    946 F.2d 630, 646 (9th Cir.1991) …………………………………. 15

*Lazy Y Ranch LTD v. Behrens,*
    546 F.3d 580, 588 (9th Cir. 2008) ………………………………… 8

*Monell v. Dept. of Social Servs.,*
    436 U.S. 658, 690 (1978) …………………………………………. 14

*O'Brien v. Welty,*
    818 F.3d 920, 936 (9th Cir. 2016) ………………………………… 12

*Pelletier v. Fed. Home Loan Bank of San Francisco,*
    968 F.2d 865, 872 (9th Cir. 2013) ………………………………… 12

*Pembaur v. Cincinnati,*
    *475 U.S. 469, 483 (1986)* …………………………………………. *15*

*Pierce v. Multnomah Cty.,*
    76 F.3d 1032, 1038-39 (9th Cir. 1996) …………………………… 12

*Price v. Sery,*
    513 F.3d 962, 966 (9th Cir. 2008) ………………………………... 15

*Shaw v. State of California Dept. of Alcoholic Beverage Control,*
    788 F.2d 600 (9th Cir. 1986) ……………………………………... 15

*Thomas v. County of Riverside,*
    763 F.3d 1167, 1170 (9th Cir. 2014) ……………………………. 15

*Tolan v. Cotton,*
    572 U.S. 650, 657 (2014) ………………………………………... 12

**State Cases**

*Gatto v. County of Sonoma,*
    98 Cal.App.4th 744, 764 (2002) ………………………………… 17

*McNeff v. City of Pleasanton, et al.*                          Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

*Grinzi v. San Diego Hospice Corp.,*
    120 Cal.App.4th 72, 86 (2004) ……………………………………...            18

*Snipes v. City of Bakersfield,*
    145 Cal.App.3d 861 (1983) ………………………………………            17

**Federal Statutes**

42 United States Code section 1983 …………………………………            6, 9, 14, 16

**State Statutes**

California Government Code section 3201, et. seq……..…………….            6

California Labor Code section 96(k) and 98.6            18

California Labor Code sections 1101 and 1102 ……………………...            6

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ……………………………..            8

Federal Rules of Civil Procedures, Rule 12(b)(6) ……………………            8, 9

*McNeff v. City of Pleasanton, et al.*                               Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **5** of **19**

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

Plaintiff is a former Police Officer with the City of Pleasanton, California. He attended a "Stop the Steal" rally on January 6, 2021, in Sacramento, California. He was subsequently terminated, after being placed on leave for more than one year, for allegedly violating Department policies. He alleges retaliation wrongful termination for engaging in First Amendment protected speech, namely protected political activity/speech. (42 United States Code section 1983, California Labor Code sections 1101, 1102, and California Government Code section 3201, *et. seq.*)

Defendants move to dismiss all of Plaintiff's causes of action alleged in the Amended Complaint on various grounds. Based upon the foregoing Plaintiff contends none of these arguments have merit. However, should this Court find merit in any of Defendants' contentions in their Motion to Dismiss, Plaintiff requests a reasonable opportunity to file a Second Amended Complaint to cure any deficiencies in the Amended Complaint (hereinafter referred to as "AC").

## II. SUMMARY OF FACTS

MR. MCNEFF was a 5+ year veteran of the DEPARTMENT. His position at the time of his termination by the DEPARTMENT was Officer. Until the events described herein, MR. MCNEFF had an exemplary record and had been recognized for numerous outstanding acts, commendations, and superior performance throughout his career. His positive performance evaluations span several years and describe him as an officer who consistently demonstrates good judgment, a prepared leader, and an officer with exceptional motivation and drive. MR. MCNEFF was even described as an officer who consistently behaves in a

*McNeff v. City of Pleasanton, et al.*     Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **6** of **19**

manner which supports teamwork to accomplish the department's goals and objectives.  (AC ¶ 12.)

On January 6, 2021, MR. MCNEFF attended a political rally, specifically a "Stop the Steal" rally, in Sacramento, California. He did so as a private citizen and during his personal time.  He did not identify himself as a police officer at this political rally.   He wore civilian clothing to the political rally.  MR. MCNEFF posted pictures of himself with his wife, dressed in civilian clothing, at this political rally, on his personal Facebook page.  This Facebook page was used under a pseudonym, "Jonathan P."  There is no evidence that MR. MCNEFF did anything other than attend and observe the political rally. (AC ¶ 13.)

Immediately following his attendance at this political rally, Defendant Cox labeled Plaintiff a racist, political extremist, and a radical supporter of violence, potentially criminal organizations.  This defamatory and damaging label was shared with and adopted by Defendant Swing.  Plaintiff was placed on leave and the Department, under the guidance of Swing, Swing, retained an outside law firm to investigate the outrageous allegations put forth by Cox.  (AC ¶¶ 19-20 .)

During the course of many, many months, this outside law firm interviewed several members of the Pleasanton Police Department.  Each interview further damaged Plaintiff as the law firm portrayed him as a racist, radical extremist.  Plaintiff's colleagues were repeatedly questioned about Plaintiff's alleged racists tendencies and behaviors, despite their statements that Plaintiff was nothing of the sort and that he exhibited professional behavior. (AC ¶¶ 32-33.)

Nevertheless, the investigation persisted in an effort to find some reason to justify the Departments actions of unlawfully placing Plaintiff on leave and further damaging his character and reputation by labeling him a racist and radical extremist.  Ultimately, the

*McNeff v. City of Pleasanton, et al.*                                                                       Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Department terminated Plaintiff for pretextual "violations of policy," all the while knowing the true reason was to remove an employee who would attend a political rally and express a political belief the Defendants deemed unpopular and even moronic.  While Swing was impliedly named as the final decision maker, Dolan, acting on behalf of Defendant City, ratified this decision to terminate Plaintiff's employment on February 4, 2022.  (AC ¶¶ 61, 62.)

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) "requires only "a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*McNeff v. City of Pleasanton, et al.*                                   Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page 8 of 19

*v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge 'does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id*. at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## IV. ARGUMENT

### a. Plaintiff's First Claim Has Merit.

#### i. Plaintiff stated and established a valid claim for relief against the individual defendants.

Plaintiff identified a claim for relief. Indeed, he identified a policy and decision by a final policy maker to purge the Department of employees with constitutionally protected, expressed political views that these decision makers deemed unpopular. Moreover, Plaintiff established he was placed on leave, disparaged, harassed, and his character and reputation maligned after he attended a constitutionally protected, lawful political rally and expressed his political views deemed unpopular, even stupid and moronic by Department superiors.

*McNeff v. City of Pleasanton, et al.*                                                                 Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **9** of **19**

Specifically, Plaintiff alleges that the Defendants Cox and Swing retaliated against him for participating in protected speech, specifically, for the act of attending a "Stop the Steal" rally on January 6, 2021. Defendants argue that Plaintiff failed to plead sufficient facts to support his § 1983 claim for a First Amendment violation claim. Defendants are incorrect.

To state a claim under § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and the conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). Where a public employee is claiming that his first amendment rights have been violated, the Court applies a five-step test to balance the government's rights as an employer and the plaintiff's rights as a citizen. The plaintiffs bear the burden of showing that: (1) the speech addressed a matter of public concern; (2) the speech was spoken in the capacity of a private citizen and not a public employee; and (3) the state took adverse employment action and the speech was a substantial or motivating factor in the adverse action. If the plaintiff has alleged the first three steps, the burden shifts to the government to show (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech. *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009). Because plaintiff's failure to satisfy one of the first three steps "necessarily concludes [the] inquiry," *Huppert v. City of Pittsburgh*, 574 F.3d 696, 703 (9th Cir. 2009) (*overruled on other grounds by Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013)), the court addresses the first three steps only.

Defendants make no claims that Plaintiffs attendance at the political rally and/or political expression were not protected forms of speech. Thus, Plaintiff will not engage in a

*McNeff v. City of Pleasanton, et al.*                                        Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **10** of **19**

thorough analysis here. Rather, Plaintiff assumes that Defendants agree attendance at a political rally and expressing conservative political views are protected speech under the First Amendment.

Contrary to Defendants motion, this complaint alleges sufficient facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has established factual content that demonstrates he was punished (placed on leave), harassed, disparaged, and his character and reputation maligned by the Defendants immediately following his attendance at a constitutionally protected, lawful political rally. This court must draw the reasonable inference that Plaintiff suffered harm as a result of this rash, immediate response to his political expression by the Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### ii. The individual defendants are NOT entitled to qualified immunity.

The individual Defendants are not entitled to the defense of qualified immunity because Plaintiff plausibly alleged they violated his clearly established First Amendment right to free political speech and expression and to be free from retaliation for doing so.

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dunn v. Castro*, 621 F.3d 1196, 1198-99 (9th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A qualified immunity analysis consists of a two-step procedure. *id.* at 1199. First, the court must determine "whether the facts alleged, construed in the light most favorable to the injured party, establish the violation of a constitutional right." *id.*(citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Next, the court must determine "whether the right is clearly established such that a reasonable government official would

*McNeff v. City of Pleasanton, et al.*                                Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **11** of **19**

have known that 'his conduct was unlawful in the situation he confronted.' " *Id.* (quoting *Saucier,* 533 U.S. at 202.)

"Qualified immunity is an affirmative defense that must be raised by a defendant." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). The Supreme Court has emphasized that the issue of qualified immunity be decided "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (simplified). However, the Ninth Circuit instructed that the issue is one *not generally resolved on a motion to dismiss*. *See Keates v. Koile*, 883 F.3d 1228, 1234-35 (9th Cir. 2018) (denying motion to dismiss on basis of qualified immunity and noting that "[determining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making"). In deciding qualified immunity on a motion to dismiss, "[i]f the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right," then plaintiffs are 'entitled to go forward" with their claims." *Id.* at 1235 (citing *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992)). In fact, when resolving a motion for summary judgment on the issue of qualified immunity, the court must "adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). If "genuine issue[s] of material fact exist that prevent a determination of qualified immunity at summary judgment, the case must proceed to trial." *Sandoval*, 756 F.3d at 1160 (internal quotation and citation omitted); *cf. Pierce v. Multnomah Cty.*, 76 F.3d 1032, 1038-39 (9th Cir. 1996) (holding, in context of a directed verdict, that when foundational facts regarding a qualified immunity defense are disputed they must be decided by the jury before the issue of qualified immunity can be resolved).

*McNeff v. City of Pleasanton, et al.*　　　　　　　　　　　　　　　Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **12** of **19**

Here, as stated above, Plaintiff plausibly alleges Defendants violated his clearly established First Amendment right to political speech and expression and to be free from retaliation for doing so. He plausibly alleged he was harassed, his character and reputation maligned, and immediately placed on leave based on his political beliefs. Therefore, Defendants are not entitled to qualified immunity at this stage of the litigation. *See Keates*, 883 F.3d at 1235 (holding that the operative complaint "plausibly allege[d]" the defendants violated the plaintiff's rights and the district court "erred in dismissing" the plaintiff's claim based on qualified immunity); *see also Laizure v. Wash. Cnty. by & through Wash. Cnty. Sheriff's Off.*, No. 3:17-cv-1254-SB, 2018 WL 3638124, at *5 (D. Or. July 13, 2018), *report and recommendation adopted sub nom. Laizure v. Washington Cnty.*, 2018 WL 3636539 (D. Or. July 31, 2018) (holding that "[the plaintiff] has pleaded sufficient facts to allege violations of his First and Fourth Amendment rights, and therefore resolving the issue of qualified immunity is not appropriate at this stage of the litigation"). Accordingly, this Court should deny Defendants' motion to dismiss on the basis of qualified immunity.

This complaint established that the Defendants were acting to unlawfully purge the police department of those with conservative political views that the superior ranking officers believed were moronic, even stupid. The entirety of the action taken against Plaintiff, beginning with placing him on administrative leave up to and including his termination, was motivated by and caused by the Defendants' unlawful purge of employees with these constitutionally protected, conservative political views. Again, as stated in the AC, any other stated reason for Plaintiff's termination was pretext. This action was taken to rid the Department of those with conservative political views like Plaintiff's and for no other reason.

Moreover, in their motion to dismiss, the Defendants misconstrue the significance of the actions taken by Cox and then Swing. They oversimply Cox's actions claiming all he did

*McNeff v. City of Pleasanton, et al.*   Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **13** of **19**

was "review an outside investigation." Cox initiated and led that investigation. Cox was the reason Plaintiff was originally placed on leave for simply attending a political rally. Cox was biased and prejudiced against Plaintiff from the outset. Indeed, he believed Plaintiff associated with criminal extremist organizations, absent any proof to corroborate or substantiate this belief. It is likely he set out on a witch hunt to find reasons to terminate Plaintiff. To claim he merely reviewed an outside investigation is disingenuous and ignores the facts. Moreover, Cox was a key player in permitting, possibly even promoting, the damage to Plaintiff's character and reputation all of which stemmed from Plaintiff's attendance at a constitutionally protected political rally. Plaintiff suffered irreparable harm at the hands and mouths of Cox and Swing. To claim they are immune from liability because they discovered a potential policy violation is preposterous. Accordingly, this Court should deny Defendants' motion to dismiss on the basis of qualified immunity.

### iii. Plaintiff established municipal liability.

Plaintiff properly alleges that the City of Pleasanton faces municipal § 1983 liability because the acts of retaliation alleged were taken by the City's official policy makers. Relevant here, Plaintiff alleges that the City conceded the Chief of Police was a final decision maker during sworn arbitration testimony (AC ¶ 61).

Municipalities are included among those persons to whom § 1983 applies. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). While municipalities are protected against vicarious liability, § 1983 "imposes liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." *Id*. at 691-92 (internal quotation marks omitted). Municipal liability under *Monell* may be premised on "a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of

*McNeff v. City of Pleasanton, et al.*                                          Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **14** of **19**

decision." *Gonzalez v. Cty. of Merced*, 2017 WL 6049179, at *2 (E.D. Cal. Dec. 7, 2017); *see also Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

Whether an official is a policymaker for *Monell* purposes is a question governed by state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). "'Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law.' " *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)). As to matters of police policy, the chief of police under some circumstances may be considered the person possessing final policy-making authority. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991); *see also Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986) ("As to the City, the policies of the Police Department became its policies because the policies set by the Department and its Chief may be fairly said to represent official [City] policy on police matters . . . and the City is liable for any deprivation of constitutional rights caused by the execution of official City policies.") (Internal citations omitted).

Here, Plaintiff properly alleges that the policy of the City of Pleasanton is the Chief of Police is the ultimate authority within the Department. (AC ¶ 61.) Plaintiff further stated that the City agreed the "buck stops" with Chief Swing and Swing accepted the recommendation of Cox to terminate Plaintiff. (AC ¶ 61.) As discussed above, Plaintiff has plausibly connected the adverse employment actions and treatment he received with his attendance at a constitutionally protected, lawful political rally. Because Plaintiff has alleged that the Chief of Police was acting as a final policymaking authority for the City of Pleasanton on police

*McNeff v. City of Pleasanton, et al.*                                   Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **15** of **19**

matters, and disciplined Plaintiff as a result of his political expression, Plaintiff has stated a plausible claim for § 1983 municipal liability for Defendant City of Pleasanton.

   The Defendants go to great lengths to argue that Swing is not a final policy maker and that he merely reports to the City Manager. (See Motion, pp. 17-18). Yet, this is the exact opposite of what they argued and established during the arbitration hearing in this case. They cannot have it both ways. Either Swing is considered a final policymaker in regard to issues within the police department, or the City was not truthful during the arbitration process. In any event, because the complaint established that Swing chose to place Plaintiff on leave immediately following Plaintiff's attendance at a constitutionally protected, lawful political rally, Swing failed to question the outrageous, baseless conclusions made by a Sergeant in the January 7, 2021 memorandum and instead took action against Plaintiff as a result of this defamatory and unsubstantiated claims. Swing chose to hire the outside law firm that investigated Plaintiff, Swing certainly was in charge at the Department and he is responsible for the continued attacks on Plaintiff's character and reputation during the pendency of the investigation, and finally, as established in the AC, Swing did have the final decision-making power in this situation. Plaintiff has established municipal liability so the motion to dismiss must be denied.

   **b. Plaintiff's Second Claim is not barred because Plaintiff 's Department of Fair Housing and Employment ("DFEH") Amended Complaint is Excepted from the general requirements of the Tort Claims Act.**

   The purposes and procedures of the Department of Fair Housing and Employment demonstrate a legislative intent that actions against governmental entities brought under the DFEH are to be excepted from the general requirements of the Tort Claims Act. The DFEH constitutes a comprehensive scheme for combating employment discrimination, with specific

*McNeff v. City of Pleasanton, et al.*             Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

time limitations related to the remedies provided. *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861. In *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 764, the court stated:

> Exceptions to the filing requirement not specifically enumerated in the Government Claims Act have occasionally been allowed, but only where the claim is based on a statute or statutory scheme that includes a functionally equivalent claim process. *Snipes v. City of Bakersfield*, supra, 145 Cal.App.3d 861 is illustrative. That case was an action against a city and its police department for employment discrimination under the Fair Employment and Housing Act. (Gov. Code, §§ 12900 et seq.) (FEHA).) The trial court sustained a general demurrer without leave to amend on the ground that the plaintiff failed to allege that he complied with the claim filing requirement of the Government Claims Act. The Court of Appeal reversed, holding that the purpose and procedures of the FEHA demonstrate a legislative intent that actions against governmental entities brought under the FEHA are to be excepted from the general requirements of the Tort Claims Act." ( *Id.* at p. 865.) After describing the statutory scheme in considerable detail, the court explained its reasoning: "The procedural guidelines and the time framework provided in the FEHA are special rules for this particular type of claim which control over the general rules governing claims against governmental entities. The FEHA not only creates a statutory cause of action, but sets out a comprehensive scheme for administrative enforcement, emphasizing conciliation, persuasion, and voluntary compliance, and containing specific limitations periods." ( *Id*. at p. 868.)

As alleged in the AC in this action, Plaintiff properly pled the entire factual scenario surrounding his FEHA Complaint. (See AC ¶¶ 53-55 and Exhibit A.) Plaintiff's Claim was submitted to the DFEH on April 12, 2022. On that same date, the claim was closed and the DFEH provided Plaintiff a Right to Sue notice. The notice letter advised Plaintiff: "The civil action must be filed within one year of the date of this letter." This civil action was filed on January 10, 2023, well within the one year timeline provided by the DFEH. Given the allegations stated in the AC concerning Plaintiff's DFEH Complaint, along with Exhibit A attached to the AC, it is clear Plaintiff is excepted from the Tort Claims Act requirements.

*McNeff v. City of Pleasanton, et al.*                                   Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

Page **17** of **19**

MCNEFF followed the proper procedure for the DFEH claim he filed that was based upon his discriminatory termination that resulted from First Amendment right to free speech activities he engaged in while off-duty. Given the DFEH exception, the motion should be denied as to the Second Claim.

### c. Plaintiff has properly pled a claim pursuant to Labor Code § 96(k) which encompasses the specific conduct in Labor Code § 98.6

Defendants argue Plaintiff does not have the right to enforce an alleged violation of this Labor Code § 96(k). Section 96(k) addresses "[c]laims for loss of wages as the result of demotion, suspension, or discharge from employment for lawful conduct occurring during nonworking hours away from the employer's premises." Cal. Lab. Code § 96(k). California courts have found that the scope of § 96(k) is limited to "'lawful conduct occurring during nonworking hours away from the employer's premises' asserting 'recognized constitutional rights.'" *Grinzi v. San Diego Hospice Corp.*, 120 Cal.App.4th 72, 86 (2004) (quoting *Barbee v. Household Auto. Fin. Corp.*, 113 Cal.App.4th 525, 533 (2003)).

California Labor Code § 98.6 references § 96(k) and states "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, **including the conduct described in subdivision (k) of Section 96**, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2." Thus, Plaintiff has stated a proper claim related to § 98.6 and <u>predicated on a violation of § 96(k)</u>. Plaintiff alleged that his discharge occurred because he asserted a recognized constitutional right to free speech while off-duty. ( See AC ¶¶ 74-80) Therefore, Plaintiff respectfully requests the Court to deny the Motion to Dismiss his Labor Code section 96(k) claim. However, to the extent the Court disagrees, Plaintiff seeks leave to amend.

*McNeff v. City of Pleasanton, et al.*                                        Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**

**CONCLUSION**

Based on the foregoing, Plaintiff requests the motion to dismiss be denied. However, should this Court find any of the claims made by Defendants have merit, Plaintiff requests a reasonable opportunity to file a Second Amended Complaint to secure any deficiencies in the Amended Complaint

Respectfully submitted,

DATED: May 30, 2023

/s/ *Karren Kenney*
KARREN KENNEY
*Attorney for Plaintiff PETER MCNEFF*

*McNeff v. City of Pleasanton, et al.*                                    Case No.: 4:23-cv-00106
**Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss**