UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual, | Case No.: 3:23-cv-00106-AMO |
| Plaintiff, | Complaint Filed: January 10, 2023 |
| v. | **JOINT CASE MANAGEMENT & [PROPOSED] ORDER** |
| THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals, | |
| Defendants. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

   Plaintiff's Statement on Jurisdiction: All defendants have been served. The basis for the Court's subject matter jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1343(3). This Court has supplemental jurisdiction over the related state law

claims pursuant to 28 U.S.C. § 1367.

2. **FACTS**

<u>Plaintiff's Statement</u>: On January 6, 2021, MR. MCNEFF attended a political rally, specifically a "Stop the Steal" rally, in Sacramento, California. He did so as a private citizen and during his personal time. He did not identify himself as a police officer at this political rally. Immediately following his attendance at this political rally, Defendant Cox labeled Plaintiff a racist, political extremist, and a radical supporter of violence, potentially criminal organizations. This defamatory and damaging label was shared with and adopted by Defendant Swing. Plaintiff was placed on leave and the Department, under the guidance of Swing. Swing retained an outside law firm to investigate the outrageous allegations put forth by Cox. Ultimately, the Department terminated Plaintiff for pretextual "violations of policy," all the while knowing the true reason was to remove an employee who would attend a political rally and express a political belief the Defendants deemed unpopular and even moronic. While Swing was impliedly named as the final decision maker, Dolan, acting on behalf of Defendant City, ratified this decision to terminate Plaintiff's employment on February 4, 2022.

<u>Defendants' Statement</u>: In January 2021, the City received information that Plaintiff attended the January 6, 2021, Stop the Steal Rally. An investigation revealed that Plaintiff did not attend the Stop the Steal Rally in Washington, D.C., but attended a political rally in Sacramento, California. The investigation uncovered multiple violations of City policies, for which was Plaintiff was terminated, effective February 4, 2022.

3. **LEGAL ISSUES**

<u>Plaintiff's Statement</u>: Plaintiff was punished (placed on leave), harassed, disparaged, and his character and reputation maligned by the Defendants immediately following his attendance at a constitutionally protected, lawful political rally. Defendants were acting to unlawfully purge the police department of

those with conservative political views that the superior ranking officers believed were moronic, even stupid. The entirety of the action taken against Plaintiff, beginning with placing him on administrative leave up to and including his termination, was motivated by and caused by the Defendants' unlawful purge of employees with these constitutionally protected, conservative political views. This action was taken to rid the Department of those with conservative political views like Plaintiff's and for no other reason. The retaliatory causes of action are not barred because Plaintiff's Department of Fair Housing and Employment ("DFEH") claim was timely and is excepted from the general requirements of the Tort Claims Act. Gatto v. County of Sonoma (2002) 98 Cal.App.4th 744, 764.

Defendants' Statement: The Individual Defendants are not liable to the Plaintiff for any allegedly wrongful act and are entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Further, the City and Department are not liable for the retaliation causes of action because Plaintiff failed to comply with the California Government Claims Act. Butler v. Los Angeles County, 617 F.Supp.2d 994, 1001 (2008); Cal. Gov't Code § 900, et seq. Plaintiff has not alleged claims under the Fair Employment and Housing Act; therefore, whether such claims are exempt from the Government Claims Act is immaterial. The City terminated Plaintiff's employment for legitimate, non-retaliatory reasons. His attendance at the Stop the Steal rally was not a substantial or motivating factor in the City's decision to terminate his employment; the City had an adequate justification for treating the Plaintiff – a police officer, sworn to protect equally citizens of all races and religious beliefs – differently from members of the general public; and the City would have terminated his employment even absent his attendance at the rally.

**4.    MOTIONS**

Plaintiff's Statement: Plaintiff anticipates filing discovery motions as needed, motions in limine, and any other viable motion that may arise during the course of

litigation.

Defendants' Statement: Defendants' motion to dismiss is currently pending and the parties agree the hearing date of June 22, 2023 may be moved to July 20, 2023. Defendants anticipate filing a motion for summary judgment, motions in limine, and discovery motions (as needed).

5. **AMENDMENT OF PLEADINGS**

Plaintiff's Statement:  Depending on the outcome of the pending Motion to Dismiss filed by Defendants, Plaintiff may seek to amend the complaint.

Defendants' Statement: Defendants have not yet filed an Answer, but do not anticipate adding or dismissing any defenses, or filing any counterclaims.

Joint Proposed Deadline for Amending Pleadings: 60 days after the Court's ruling on Defendants' pending Motion to Dismiss.

6. **EVIDENCE PRESERVATION**

Joint Statement: The parties have reviewed the ESI Guidelines and met and conferred.

7. **DISCLOSURES**

Plaintiff's statement: Plaintiff's counsel will be out of the state from June 21 to June 29 and July 5 to July 19.

Joint Statement: Initial disclosures have not yet been made.  The parties agree that initial disclosures shall be made no later than August 4, 2023.

8. **DISCOVERY**

Plaintiff's Statement: Plaintiff anticipates taking depositions of percipient witnesses and conducting written discovery.  Expert discovery may be needed depending on the course of litigation.

Defendants' Statement:  Defendants anticipate taking Plaintiff's deposition, conducting written discovery by means of requests for production, requests for admission, and interrogatories.  Defendants' may take other depositions upon learning of additional witnesses from initial disclosures.  Defendants anticipate

expert discovery may be needed on the issue of lost wages and Plaintiff's alleged emotional distress.

No additional issues have been identified, nor were any changes needed to discovery under the Federal Rules of Civil Procedure. Defendants do not anticipate extensive discovery of Electronically Stored Information (ESI); however, to the extent there is any relevant ESI, both parties agree to the preservation of ESI. Defendants do not believe that privileged documents or information will be at issue in this case. Defendants do not anticipate that limitations on discovery are necessary at this time.

9. **CLASS ACTIONS**

Joint Statement: Not applicable.

10. **RELATED CASES**

Joint Statement: Plaintiff's appeal of his termination is pending before an arbitrator and the parties are awaiting the decision. The parties are not aware of any other related cases.

11. **RELIEF**

Plaintiff's Statement of Damages: Plaintiff is seeking compensatory, economic, noneconomic, consequential, general, special, exemplary and punitive damages according to proof, and believes the amount will exceed $1 million.

12. **SETTLEMENT AND ADR**

Plaintiff's Statement: Plaintiff is amenable to Court Mediation and/or a Settlement Conference with a Magistrate Judge no later than January 31, 2024. At this time Plaintiff will not consent to private mediation.

Defendants' Statement: Defendants will participate in Court Mediation and/or a Settlement Conference with a Magistrate Judge no earlier than January 1, 2024. Defendants are amenable to private mediation as well.

13. **OTHER REFERENCES**

Joint Statement: The parties do not believe that this case is suitable for

binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

Plaintiff's Statement: Plaintiff believes claims and issues will need to be narrowed by motion.

Defendants' Statement: Defendants believe that a number of the claims and issues can be narrowed by motions.

### 15. EXPEDITED TRIAL PROCEDURE

Joint Statement: This is not the type of case that can be handled under the Expedited Trial Procedure.

### 16. SCHEDULING

Discovery Cutoff: March 22, 2024

Designation of Experts: May 24, 2024

Last Day to Hear Dispositive Motions: May 3, 2024

Pretrial Conference: July 19, 2024

Trial : September 16, 2024

### 17. TRIAL

Joint Statement: Plaintiff requests a jury trial. The parties estimate that a jury trial will take approximately 5-7 days.

### 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff's Statement: Plaintiff has filed the Certificate of Interested Entities or Persons.

Defendants' Statement: The Individual Defendants, who were sued in their individual capacities, have filed the necessary disclosures with the Court.

### 19. PROFESSIONAL CONDUCT

Joint Statement: The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.   OTHER**

Joint Statement: The parties are no aware of other issues at this time.

Dated:  May 31, 2023

*/S/ Karren Kenney*
Karren Kenney
Counsel for Plaintiff
PETER MCNEFF

Dated:  May 31, 2023

*/S/ Nicholas M. Grether*
Jesse J. Maddox
Nicholas M. Grether
Counsel for Defendants
THE CITY OF PLEASANTON,
THE PLEASANTON POLICE
DEPARTMENT, DAVID SING,
LARRY COX, and BRIAN DOLAN

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____, 2023

_____
Hon. Araceli Martínez-Olguín

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **May 15, 2023**, I served the foregoing document(s) described as **JOINT CASE MANAGEMENT & [PROPOSED] ORDER** in the manner checked below on all interested parties in this action addressed as follows:

Karren Kenney
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA  92626
karren@kenneylegaldefense.us

☑ **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from ltokubo@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **May 15, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Linda Tokubo*
Linda Tokubo