Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Nicholas M. Grether, Bar No. 268848
ngrether@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:   559.449.4535

Attorneys for Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX, and BRIAN DOLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual,,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SWING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals,<br><br>Defendant. | Case No.:  3:23-cv-00106-AMO<br><br>Complaint Filed: January 10, 2023<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:     June 22, 2023<br>Time:    2:00 p.m.<br>Ctrm:    10 |

## I. INTRODUCTION

Plaintiff Peter McNeff's ("Plaintiff") Amended Complaint throws out a number of allegations, but fails to connect any alleged wrongdoing to Plaintiff's termination to support a claim for violation of constitutional rights. Plaintiff fails to reckon with the fact that the Defendant City of Pleasanton ("City") operates with a City Manager structure and the policymaker is the City Manager, who was Brian Dolan at the time. Plaintiff makes some conclusory allegations against Captain Cox and Chief Swing ("Swing," "Cox," and "Dolan" are collectively referred to as "Individual Defendants") that they deemed Plaintiff's ideas unpopular and stupid, and engaged in a "Patriot Purge." Notably, this "Purge" appears to be limited solely to Plaintiff. Fatally, Plaintiff's sole allegation against the former City Manager Brian Dolan is that he delivered Plaintiff a notice of termination, which cannot form the basis of liability. There are no allegations that Dolan intended to violate Plaintiff's constitutional rights or that he knowingly ratified the recommendations from Captain Cox and Chief Swing. Thus, Plaintiff's first claim for Violation of Civil Rights – First Amendment should be dismissed without leave to amend.

Plaintiff's second and third claims for retaliation and wrongful discharge respectively, should also be dismissed without leave to amend. Plaintiff does not plead compliance with the California Government Claims Act ("Claims Act"). Compliance with the Claims Act is a mandatory prerequisite to filing a lawsuit against a public entity based on state law claims. Further, if Plaintiff could establish compliance with the Claims Act, he is not entitled to claim that Labor Code[1] sections not referenced in his Amended Complaint support his claim. Regardless, Plaintiff's failure to comply with the Claims Act is fatal to his second and third claims. For these reasons, Defendants request that the Court dismiss the

---

[1] All references herein to the Labor Code and Government Code are to the California Labor Code and California Government Code.

2

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint; 3:23-cv-00106-AMO
12055214.3 PL068-025

Amended Complaint without leave to amend.

## II. LEGAL ARGUMENT

### A. REVIEW MUST BE LIMITED TO THE FOUR CORNERS OF THE COMPLAINT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)." *Ibid*.

Accordingly, in ruling on Defendants' motion and determining whether Plaintiff failed to state a cause of action upon which relief can be granted, the Court must disregard any new facts alleged by Plaintiff in his Opposition, including claims about matters not alleged in the Amended Complaint. Here, Plaintiff claims that a statute referencing Labor Code section 96(k) will support his third claim for wrongful termination. However, there is no reference to any other Labor Code section to support that claim anywhere in the Amended Complaint and Plaintiff's argument should be disregarded.

### B. PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CIVIL RIGHTS SHOULD BE DISMISSED

#### 1. Plaintiff Fails to Allege Sufficient Facts against the Individual Defendants to Establish Liability

Other than conclusory allegations about Captain Cox and Chief Swing, Plaintiff does not allege what actions the Individual Defendants took that will allow this Court to draw the inference that they violated Plaintiff's civil rights. Plaintiff alleges that the Individual Defendants undertook normal actions to place Plaintiff on leave, order an investigation, review the results of an investigation, recommend a course of action, and terminate Plaintiff. Plaintiff's allegations fall within the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

ambit of the first working principle underlying *Twombly*, namely that the Court need not accept legal conclusions that the motivations were unlawful.

Plaintiff has alleged no facts to support his conclusion that the three Individual Defendants can be personally liable for a violation of his First Amendment rights. Plaintiff has not "state[d] a claim to relief that is plausible on its face," and the Court should dismiss the Individual Defendants from this lawsuit.

## 2. The Individual Defendants are Entitled to Qualified Immunity.

Plaintiff argues that his conclusory allegations against Cox and Swing are sufficient to rid them of qualified immunity. However, a careful review of the factual allegations in the Amended Complaint shows that Captain Cox informed Plaintiff about the administrative investigation, reviewed the findings of the investigation, and submitted a recommendation to Chief Swing. Chief Swing relied on that recommendation and agreed that termination was the proper course of action. As noted in *Knox v. Southwest Airlines,* 124 F.3d 1103, 1107 (9th Cir. 1997), "if officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." Here, there are only conclusions that Captain Cox and Chief Swing intended to violate Plaintiff's civil rights. However, they merely engaged in the type of discretionary actions such as ordering an investigation, reviewing results, and recommending a course of action that ought to afford them qualified immunity from suit. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

Plaintiff makes no argument in his Opposition that Dolan is not entitled to qualified immunity. Rather, he focuses his entire argument on the conclusory allegations that Captain Cox and Chief Swing held unlawful motives. The sole factual allegation against Dolan is that he delivered the notice of termination to Plaintiff based on Plaintiff's violation of City policies. There is not even a conclusory allegation that he was part of the "Patriot Purge," or had any ill will

4

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint; 3:23-cv-00106-AMO
12055214.3 PL068-025

4

toward Plaintiff. All of the Individual Defendants are entitled to qualified immunity and they should be dismissed from this lawsuit for that reason.

### 3. Plaintiff Does Not Establish Liability for the City and Department under *Monell*

Plaintiff concedes in his Opposition that he is not claiming that a custom or failure to train support municipal liability under *Monell*. Rather, he claims that Captain Cox and Chief Swing are policymakers, despite the fact that under the City of Pleasanton's Municipal Code, Chief Swing reports to the City Manager. See RJN, Ex. A, at Pleasanton Muni. Code section 2.08.070. Plaintiff certainly disagrees with the decision to terminate his employment, but he cannot manufacture policymakers for the purposes of municipal liability. The only person who would qualify as a policymaker is Dolan, but Plaintiff makes no allegations to support that he delivered the notice of termination in retaliation for political activity or ratified the decision on that basis.

### C. PLAINTIFF'S SECOND CLAIM FOR RETALIATION FAILS BECAUSE HE DID NOT COMPLY WITH THE CLAIMS ACT

Plaintiff is correct that an employee may pursue a claim under the California Fair Employment and Housing Act ("FEHA") by complying with the FEHA's administrative exhaustion requirements and not those in California's Claims Act. However, Plaintiff's second claim has nothing to do with the FEHA. His claim is defined as "Retaliation for Engaging in Political Activity," and "Retaliation for Political Speech and Activity." See Amended Complaint, pp. 1, 22. Under the FEHA, retaliation is defined in Government Code section 12940(h), which prohibits discharge of "any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Plaintiff makes no allegation that he

5

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint; 3:23-cv-00106-AMO
12055214.3 PL068-025
5

opposed any practices forbidden by the FEHA.[2]  Further, the FEHA does not refer to political activity as a protected classification or protected status.  See Cal. Gov't Code § 12940, *et seq*.  Therefore, filing a claim with the California Department of Fair Employment and Housing (now called the Civil Rights Department) does not excuse the Plaintiff from compliance with the Claims Act.

California's Claims Act (Cal. Gov't Code § 900, *et seq*.) provides that no suit "for money or damages" may be brought against a public entity unless a written claim is first presented to the governing body of that entity. Cal. Gov't Code §§ 905.7, 905.9, 945.4.  Plaintiff has not complied with the claims presentation requirements for his second claim for retaliation in violation of Labor Code and Government Code sections, necessitating dismissal of this claim.

Lastly, leave to amend should be denied.  If Plaintiff were attempting to pursue a claim under the FEHA, he had until April 12, 2023 to do so.  See Ex. A to Plaintiff's Amended Complaint.  Indeed, none of Plaintiff's claims in the Amended Complaint identify any violation of the FEHA or protected activity under the FEHA; thus, leave to amend is properly denied since he no longer can make any claims under the FEHA.  Lastly, Plaintiff's deadline to file a claim or application for leave to file a late claim to comply with the Claims Act, based on the date of his termination, expired on August 4, 2022, and February 4, 2023, respectively.  Plaintiff's second claim should be dismissed without leave to amend.

**D.   LABOR CODE SECTION 96(K) DOES NOT SUPPORT LIABILITY**

Plaintiff argues that because Labor Code section 98.6 references section 96(k), his claim for wrongful termination should not be dismissed.  Plaintiff is wrong for several reasons.  First, a motion to dismiss is decided on the four corners of the complaint.  The Amended Complaint makes no reference to section 98.6.

---

[2] Even if political activity were a protected status under the FEHA, Plaintiff's Complaint to the Department of Fair Employment and Housing attached as Exhibit A to his Amended Complaint does not refer to retaliation in violation of the FEHA.

6

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint; 3:23-cv-00106-AMO
12055214.3 PL068-025
6

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Plaintiff specifically cited section 96(k) in the Amended Complaint as the violation. See Amended Complaint, at p. 23:6, 11, 23.  Further, in a case cited by Plaintiff, the court noted that the "plain language of section 96 … 'simply outlines the types of claims over which the Labor Commissioner shall exercise jurisdiction.' " *Grinzi v. San Diego Hospice Corp.*, 120 Cal.App.4th 72, 84 (2004) (quoting *Barbee v. Household Auto. Fin. Corp.*, 113 Cal.App.4th 525, 535 (2003)).  Plaintiff's pleaded claim alleging a violation of Labor Code section 96(k) should be dismissed since the Labor Commissioner is not taking an assignment of his claim.  Nor is there an allegation that Plaintiff ever filed a claim with the Labor Commissioner.

Second, even if Plaintiff were moving forward with a cause of action under Labor Code section 98.6, he would have to plead compliance with the California Claims Act.  Cal. Gov't Code § 900, *et seq*.  Plaintiff makes no argument to contend that he complied with the Claims Act. Nor does he contend that his compliance is excused for any reason.  Additionally, leave to amend should be denied since Plaintiff's deadline to file a claim or application for leave to file a late claim expired on August 4, 2022, and February 4, 2023, respectively.  Since Plaintiff did not comply with the Claims Act, this claim should be dismissed with prejudice.

### III.   CONCLUSION

Based on the foregoing and Notice of Motion, Motion, Points and Authorities, and supporting documents, Defendants respectfully request that the

///
///
///
///
///
///
///
///

Court dismiss Plaintiff's Amended Complaint in its entirety without leave to amend.

Dated:  June 6, 2023                              LIEBERT CASSIDY WHITMORE


By   */S/ Nicholas M. Grether*
     Jesse J. Maddox
     Nicholas M. Grether
     Attorneys for Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX, and BRIAN DOLAN

8

Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Amended Complaint; 3:23-cv-00106-AMO
12055214.3 PL068-025

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **June 6, 2023**, I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Karren Kenny, Esq
Kenny Legal Defense
2900 Bristol Street
Suite C204
Costa Mesa, 92626
Email: Karrent@kenneylegaldefense.us

☑ **(BY ELECTRONIC SERVICE)** By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from ltokubo@lcwlegal.com to the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **June 6, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Linda Tokubo*
Linda Tokubo