Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Nicholas M. Grether, Bar No. 268848
ngrether@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:  559.256.7800
Facsimile:   559.449.4535

Attorneys for Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX, and BRIAN DOLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual,,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SWING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals,<br><br>Defendant. | Case No.: 3:23-cv-00106-AMO<br><br>Complaint Filed: January 10, 2023<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:    November 30, 2023<br>Time:    2:00 p.m.<br>Ctrm:    10 |

Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX, and BRIAN DOLAN (collectively, "Defendants") hereby oppose Plaintiff PETER MCNEFF'S ("Plaintiff") Motion for Leave to File Second Amended Complaint ("Motion"), as follows:

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Motion is based on underhanded tactics and attempts to mislead the Court. This is his second attempt to amend his complaint without addressing the deficiencies Defendants have made clear. Plaintiff's initial lawsuit contained state claims that were barred because he failed to comply with (or allege compliance with) the California Government Claims Act (Cal. Govt. Code[1] §§ 810 et seq.). Defendant's counsel explained these deficiencies and others in a motion to dismiss filed March 14, 2023. Dkt. 15. Plaintiff amended his complaint, but did not cure the deficiencies made clear in the motion to dismiss. Consequently, Defendants filed a motion to dismiss the amended complaint on May 15, 2023, and scheduled the hearing for June 22, 2023. Plaintiff's counsel at the time represented that she was unavailable for the selected hearing date, and Defendants agreed to reschedule the hearing to July 2023. The parties submitted a stipulation, and the Court granted the hearing continuance, but scheduled the hearing for September 14, 2023. While the parties awaited the hearing date, Plaintiff used the additional time to change counsel. Plaintiff's new counsel claimed he was unavailable for the September 14, 2023 hearing date, and Defendants agreed to move the hearing date to the next available opening on the Court's calendar, in November. Once again, Plaintiff used the additional time to his advantage. Despite the parties having finished the briefing for the motion to dismiss, Plaintiff's counsel used the additional time to file this Motion for leave to amend.

Plaintiff's request for leave to amend is based on false premises. First, Plaintiff's counsel has misled the Court by claiming that Defendants declined his request to amend. The proposed Second Amended Complaint bears no resemblance to the amendments Plaintiff's counsel explained he intended to make.  See

---

[1] All references to the Government Code and Labor Code are to the California Government Code and California Labor Code, respectively.

Declaration of Nicholas M. Grether, ¶ 2, Ex. 1. Therefore, Plaintiff did not make a meaningful attempt to meet and confer regarding the propped amendments.

Second, Plaintiff's allegation that his proposed SAC "eliminates the alleged deficiencies mentioned in Defendants' pending motion to dismiss" is categorically false. Plaintiff's proposed SAC contains substantially more deficiencies than the original and first amended complaints.

For the reasons set out below, leave to amend should be denied. Defendants' Motion to Dismiss should be heard, and the Court can grant leave to amend if appropriate.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed his original Complaint in this Court on January 10, 2023. The original Complaint attached Plaintiff's right to sue notice from the California Department of Fair Employment and Housing (DFEH), but did not allege any claims under the Fair Employment and Housing Act. It contained two alleged violations of state law, but lacked any allegations that Plaintiff had complied with the California Government Claims Act (because he did not). His § 1983 claim against the Defendants was also deficient and Defendants request that it be ruled on at the November 30, 2023 hearing.

Defendants filed a Motion to Dismiss on March 14, 2023. Dkt. 15. In response, Plaintiff filed an Amended Complaint on April 29, 2023, again attaching the right to sue notice from the DFEH. The Amended Complaint did nothing to resolve the issues raised in Defendants' motion to dismiss; it alleged the same claims as the original Complaint:

1. Violation of Civil Rights – First Amendment (42 U.S.C. § 1983) against all Defendants;
2. Retaliation for Engaging in Political Activity (Cal. Lab. Code §§ 1101, 1102; Cal. Gov. Code § 3201, et seq.) against the City and Department; and

   3. Wrongful Discharge for Lawful Off-Duty Conduct (Cal. Lab. Code § 96(k)) against the City and Department.

Defendants filed another motion to dismiss on May 15, 2023. Dkt. 24. On May 30, 2023, Plaintiff filed his opposition to the Motion to Dismiss. Dkt. 28. In the opposition, Plaintiff did not identify additional claims to be pleaded or explain how he could amend the complaint, if the Court grants the motion. Rather, the amended complaint merely eliminated the individual defendants from the state law claims (second and third counts). Defendants filed a Reply brief on June 6, 2023. Dkt. 32. The Motion to Dismiss was initially scheduled to be heard on June 22, 2023, but was continued to September 14, 2023 pursuant to stipulation. Dkt. 33. Pursuant to another stipulation based on the unavailability of Plaintiff's new counsel, the hearing was continued to November 30, 2023. Dkt. 37.

Plaintiff's counsel has asked about amending the First Amended Complaint. In meeting and conferring on a potential amended complaint, Plaintiff's counsel agreed that the count for retaliation in violation of Labor Code section 96(k) should be removed. He also claimed that Plaintiff's second count should have been retaliation in violation of the FEHA. Defendants would not agree to any amendment that included state law claims. See Declaration of Nicholas M. Grether, ¶ 2, Ex. 1.

On September 20, 2023, Plaintiff filed this Motion for Leave to File a Second Amended Complaint (SAC). Plaintiff's proposed SAC seeks to split his First Amendment Retaliation claim into two different claims against the City[2] and the individual defendants respectively. He also seeks to add FEHA retaliation and harassment claims, and a claim for a Declaratory Judgment. Dkt. 39-1, Ex. A.

---

[2] Plaintiff also names the Pleasanton Police Department as a defendant, which he properly points out is a division of the City, not a separate employer, thus they are not a proper defendant. Dkt. 39-1, at Ex. A, p. 2:7-8.

### III. LEGAL ARGUMENT

#### A. THE GRANT OR DENIAL OF LEAVE TO AMEND IS WITHIN THE SOUND DISCRETION OF THE DISTRICT COURT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." However, the right to amend is not absolute. Leave to amend a complaint need not be granted if the leave (1) prejudices the opposing party; (2) produces an undue delay in litigation; (3) is futile; or (4) is sought in bad faith or with dilatory motive. See *Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the foregoing considerations (hereinafter "*Foman* factors") weigh against granting leave to amend. The proposed SAC only creates more deficiencies and courts do not have to permit amendment where amendment would have been futile as it could not have cured flaws in pleadings. *Lipton v. PathoGenesis Corp.*, 284 F.3d 1027 (9th Cir. 2002). The proper place for Plaintiff to argue that defects could be cured was in opposition to the Motion to Dismiss, not through a motion filed after his opposition was filed and while Defendants' motion is pending. Further, Plaintiff was not forthcoming in the amendments he sought. The declaration only references turning a Labor Code section 1101 and 1102 retaliation claim into a FEHA retaliation claim. There is no evidence that harassment or declaratory judgment were discussed or even considered. See Declaration of Nicholas M. Grether, ¶ 2, Ex. 1. Lastly, the additional time granted via stipulation due to unavailability appears to have been used to file a motion for leave to amend.

#### B. THE *FOMAN* FACTORS WEIGH AGAINST GRANTING LEAVE TO AMEND

##### 1. The Proposed FAC Does not Resolve the Qualified Immunity Defense

The proposed SAC does not address the Qualified Immunity defense Defendants' raised in the pending motion to dismiss. Instead, Plaintiff has rewritten the SAC to remove specific allegations against each individual defendant and, instead, make general conclusory allegations against all of them, as if they all engaged in the same conduct. The most glaring example is Defendant Brian Dolan. In the initial complaint and amended complaint, Plaintiff accuses Mr. Dolan of specific wrongdoing, albeit, Plaintiff does not allege any facts that could lead to liability against Mr. Dolan. The proposed SAC eliminates any specific allegations against Dolan. In fact, there are no allegations in the proposed SAC that contain Mr. Dolan's first name or allege what position he held during the alleged incidents underlying the liability claims. Plaintiff has now included Dolan in a group he has named the "Individual Defendants" and has alleged that Dolan engaged in the same, vague misconduct as the other individual defendants. The Court should not allow this sleight-of-hand pleading, and should deny leave to amend.

## 2.   The FEHA Claims are Barred by the Statute of Limitations

Despite attaching a right to sue letter from the DFEH to his initial complaint and amended complaint, Plaintiff did not allege FEHA claims. His proposed SAC now seeks to add FEHA claims. FEHA's claims are barred by the applicable statute of limitations. Once the DFEH issues a right-to-sue notice, a plaintiff must file a lawsuit within one year from the issuance of that letter. Cal. Gov. Code § 12965(b). Here, Plaintiff's right to sue notice is dated April 12, 2022. Dkt. 39-1, at p. 23. The FEHA claims listed in the proposed SAC were not included in this lawsuit prior to April 12, 2023, as required by law. Thus, even if leave to amend were granted, adding FEHA claims would be futile.

## 3.   Plaintiff's FEHA Retaliation Claim is Barred Because it is Not Premised on a Protected Activity Related to the FEHA

If the new FEHA claims in the proposed FAC were not barred by the statute of limitations, the FEHA retaliation claim is based on "attend[ing] the Sacramento

rally." Dkt. 39-1, at p. 11:26-27. FEHA retaliation claims must be based on a protected activity. See Cal. Gov. Code § 12940(h) ("[It is an unlawful employment practice] … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.") The protected activity must be related to the FEHA. A "political activity" does not qualify as an activity protected by the FEHA. See Cal. Gov. Code § 12940. Thus, leave to add a FEHA retaliation claim based on "political activity" would be futile.

### 4. Plaintiff Provides No Information About Purported Defendant Dolan and Includes the Police Department as an Improper Defendant

In his declaration, Plaintiff's counsel indicates that a defendant would be eliminated from the previous complaints. Dkt. 39-1, at p. 2:17. However, the proposed SAC includes the same defendants named in the prior actions. Dkt. 39-1, at p. 6:5-14 (City of Pleasanton, Pleasanton Police Department, Swing, Cox, and Dolan). Further, Dolan is referred to simply by a last name, he is not referred to anywhere else in the proposed SAC; Plaintiff does not even allege Dolan's first name.

In addition, the Pleasanton Police Department is not an appropriate defendant. This is acknowledged in the Plaintiff's proposed SAC. It identifies the Pleasanton Police Department as "a division of the City of Pleasanton." Dkt. 39-1, at p. 6:7-8. The Pleasanton Police Department is not a separate entity and is not a proper defendant. *Garcia v. Los Angeles County*, 588 F.Supp. 700, 707 (C.D. Cal. 1984) (Sheriff's Department was not a separate legal entity and thus not a proper party to the action); *Colombo v. State of California*, 3 Cal.App.4th 594, 597-599 (1991) (Department of Transportation was not subject to suit as an separate entity from the State of California); *see also*, *Acala v. City of Corcoran*, (2007) 147

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Cal.App.4th 666, 669-670 (recognizing that the city and police department were one entity and not distinguishable from one another for purposes of liability). Thus, amendment would be futile in this circumstance.

### 5. **Adding the Declaratory Judgment Claim Would be Futile**

Federal courts have discretion to dismiss claims for declaratory judgment. The Declaratory Judgment Act provides that a court "may" issue a declaratory judgment in "a case of actual controversy within its jurisdiction." 28 U.S.C. §§ 2201(a), 2202. Courts are not obligated to exercise jurisdiction over claims brought under the Act. Instead, a court has substantial discretion to decline to hear a declaratory judgment action. *See Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 394 (5th Cir. 2003); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (describing that 28 U.S.C. § 2201(a)'s use of the term "may" "has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). In deciding whether to exercise jurisdiction, district courts should consider, among other things, judicial efficiency. *See Sherwin-Williams*, 343 F.3d 383, 390-91. Declaratory relief claims that are duplicative of existing claims are one example of the types of claims that have been discretionarily dismissed. *See Verde Minerals, LLC v. Koerner*, 2017 WL 7052205, at *3 (N.D. Tex. Aug. 14, 2017).

Here, the declaratory judgment claim is a veiled attempt to revive the Labor Code sections 1101 and 1102 retaliation claims, which cannot be alleged here because Plaintiff failed to comply (and failed to alleged compliance) with the Government Claims Act (Cal. Gov't Code § 900 et seq.) However, Plaintiff only alleges the "Patriot Purge" was limited to Plaintiff only, making it duplicative of Plaintiff's other retaliation claims. There is no need for the Court to entertain a claim of First Amendment retaliation and if the alleged "Patriot Purge" violated the California Labor Code. Thus, leave to amend is unnecessary.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

**6. Plaintiff Unduly Delayed in the Proposed Amendments**

Next, courts must analyze whether the moving party unduly delayed in filing their motion. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). This is particularly true when "no facts or theories [are] gleaned from the additional discovery period to support" the moving party's contention that amendment is appropriate. *Id*.

Here, Plaintiff's counsel claims that one of the new claims is based on the same facts as the First Amendment Retaliation Claim. Dkt. 39-1 at p. 2:11-19. Other than that, he provides no reason for the other added claims: harassment and declaratory judgment. There is no explanation for why these claims were not known and were not included in the previous versions of the complaint.

**C. IF THE COURT IS INCLINED TO GRANT LEAVE TO AMEND AND DEEM THE DEFENDANTS' MOTION MOOT, IT SHOULD BE CONDITIONED ON AN IMPOSITION OF COSTS**

If the Court is inclined to grant leave to amend, it should award costs to Defendants. A district court has discretion to impose costs pursuant to Rule 15 as condition of granting leave to amend in order to compensate opposing party for additional costs incurred because original pleading was faulty. *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500 (9th Cir. 1995), cert. denied, 516 U.S. 1146, 116 S. Ct. 1017. The Court may, under FRCP 15(a), impose costs as condition of granting leave to amend in order to compensate defendant and avoid any prejudice caused by amendment. *Anderberg v. Masonite Corp.*, 176 F.R.D. 682 (N.D. Ga. 1997).

Here, Defendants were forced to file two separate motions to dismiss California Labor Code claims that were brought without any justification. The

Plaintiff did not plead compliance with the California Government Claims Act. Even after this was argued in the first motion to dismiss, Plaintiff's Amended Complaint still included those claims. Plaintiff's proposed SAC acknowledges this and the claims are finally removed, yet Plaintiff attempts to circumvent this deficiency by trying to make a claim of FEHA retaliation and seeking declaratory relief. Defendants should be awarded costs for having to file two motions to dismiss claims that are deficient as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated: October 4, 2023               LIEBERT CASSIDY WHITMORE

                              By   */S/ Nicholas M. Grether*
                                   Jesse J. Maddox
                                   Nicholas M. Grether
                                   Attorneys for Defendants THE
                                   CITY OF PLEASANTON, THE
                                   PLEASANTON POLICE
                                   DEPARTMENT, DAVID
                                   SWING, LARRY COX, and
                                   BRIAN DOLAN

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **October 4, 2023,** I served the foregoing document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Scott J. Street
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

☐ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 310.337.0837 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☒ **(BY ELECTRONIC SERVICE)** By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from ltokubo@lcwlegal.com to the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL DELIVERY)** I delivered the above document(s) by hand to the addressee listed above.

Executed on **October 4, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/S/ Linda Tokubo*
Linda Tokubo