Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Nicholas M. Grether, Bar No. 268848
ngrether@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX and BRIAN DOLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual,,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SWING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals,<br><br>Defendant. | Case No.:  3:23-cv-00106-AMO<br><br>Complaint Filed: January 10, 2023<br><br>**DECLARATION OF NICHOLAS M. GRETHER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT** |

## DECLARATION OF NICHOLAS M. GRETHER

I, Nicholas M. Grether, declare as follows:

1. I am an attorney at law, duly licensed and authorized to practice before all of the courts of the State of California and in the United States District Court for the Northern District of California. I am an associate with the law firm of Liebert Cassidy Whitmore ("LCW"), attorneys of record for Defendants THE CITY OF PLEASANTON, THE PLEASANTON POLICE DEPARTMENT, DAVID SWING, LARRY COX, and BRIAN DOLAN in the above-entitled action. I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto.

2. On June 27, 2023, counsel for Plaintiff PETER MCNEFF ("Plaintiff"), Scott James Street, emailed me about potential agreement to filing a second amended complaint. On July 6, 2023, Mr. Street provided some information on the amendment. He stated that he thought the Labor Code section 1101, 1102 claim should have been a FEHA retaliation claim, and the third claim should be dismissed. I provided a response why the claims should not be included. Mr. Street never brought up harassment or declaratory judgment as additional claims. Attached as **Exhibit 1** is a true and correct copy of my email correspondence with Mr. Street.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 4th day of October, 2023, at Los Angeles, California.

*/s/ Nicholas M. Grether*
Nicholas M. Grether

# Exhibit 1

# Nicholas M. Grether

| | |
|---|---|
| **From:** | Nicholas M. Grether |
| **Sent:** | Wednesday, August 2, 2023 1:24 PM |
| **To:** | Scott James Street |
| **Cc:** | John Howard; Jesse Maddox |
| **Subject:** | RE: McNeff v. City of Pleasanton |

Hi Scott,

Thank you for agreeing to remove the third cause of action as we are in agreement that it cannot be pursued by Plaintiff in this action. As for the second cause of action, we do not agree that the DFEH complaint can satisfy the provisions of the Gov. Claims Act. Plaintiff must comply with the claim presentation requirement of the Gov. Claims Act before filing a Labor Code section 1102.5 claim. (See *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 247.) Case law does not permit using a DFEH complaint to excuse compliance with the Gov. Claims Act. (See *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983 [addressing substantial compliance with the Claims Act].) Federal courts have found filing a complaint with CRD does not satisfy the Claims Act. (*Olson v. Palm Drive Hosp.* (N.D. Cal. 2012) 2012 WL 440559 at p. 3; *Jadwin v. County of Kern* (E.D. Cal. 2009) 2009 WL 926844 at p. 18.) Further, the opposition does not contend that the 1102.5 claim has anything to do with the FEHA.

If you are willing to drop these two claims, we'll withdraw the motion and stipulate to the filing of an amended complaint, but we do not agree that filing the retaliation complaint as FEHA retaliation is appropriate. If that's not agreeable, we can let the motion play out and go from there.

For the motion hearing, the earliest dates available for the court are November 30 and December 14. If the motion ends up going forward, would you agree to a stipulation that moves the hearing date if the court permits oral argument? As I'm sure you're aware the court may rule without permitting oral argument, so we would not want to see that ruling delayed if the oral argument does not occur anyway.

Let me know if that makes sense.

Sincerely,

---

**Nicholas M. Grether** | Associate


**LCW LIEBERT CASSIDY WHITMORE**

6033 West Century Boulevard, 5th Floor
Los Angeles, CA 90045

tel: 310.981.2000 | dir: 310.981.2321
fax: 310.337.0837

ngrether@lcwlegal.com | vCard | Bio | Website

---

This electronic communication contains information that is confidential, legally privileged, and proprietary. The information contained in this communication is intended only for use by the designated individual or entity. If the reader is not the intended recipient of this communication, the reader is hereby notified that any reliance on the information contained herein is taken at reader's own risk and any

1

Exhibit 1 - 1 of 4                    4

dissemination, distribution or copy of this information is strictly prohibited.  If you have received this communication in error, please notify our office immediately by calling 800-645-2696 or reply to this communication and then delete the communication.

**From:** Scott James Street <sstreet@jwhowardattorneys.com>
**Sent:** Thursday, July 6, 2023 1:13 PM
**To:** Nicholas M. Grether <ngrether@lcwlegal.com>
**Cc:** John Howard <johnh@jwhowardattorneys.com>; Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** RE: McNeff v. City of Pleasanton

**CAUTION - EXTERNAL EMAIL** | DO NOT reply, click links or open attachments unless you have verified the sender and know

Hello Nicholas (and Jesse), thanks for getting back to me.

I've reviewed the motion to dismiss that you filed on May 15. Without committing myself to any position, I think you are correct that there is no private right of action under Labor Code section 96(k). Thus, the third claim should be removed.

I also think the previous lawyer erred in how she described the second claim. To me, that is really a retaliation claim brought under California's Fair Employment and Housing Act (described in CACI 2505), which Mr. McNeff did file a timely administrative claim for and for which he received the attached right to sue letter from the Department of Fair Employment and Housing. One could argue that the DFEH claim also satisfied the Government Claims Act, which would normally have to be satisfied to file a claim for wrongful discharge in violation of public policy (described in CACI 2430, which is used to enforce Labor Code sections 1101 and 1102), but if we could reach an agreement to get the case at issue, perhaps we would just stick with the FEHA retaliation claim.

The first claim is a First Amendment retaliation claim. This is an area of law I know well, having litigated it everywhere from trial courts up to the United States Supreme Court. We can amend that claim to resolve any perceived deficiencies, including clarifying the City's liability under Monell. You may still want to bring a motion to dismiss based on qualified immunity, of course. I think that's likely to fail but we could at least narrow the issues and focus the briefing and argument on that issue. I believe the Court would appreciate that too.

Let me know what you think.

Best,

Scott Street

**From:** Nicholas M. Grether <ngrether@lcwlegal.com>
**Sent:** Thursday, June 29, 2023 4:33 PM
**To:** Scott James Street <sstreet@jwhowardattorneys.com>
**Cc:** John Howard <johnh@jwhowardattorneys.com>; Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** RE: McNeff v. City of Pleasanton

Hi Scott,

Thanks for your email. I've included my colleague, Jesse Maddox, the partner on this matter on this email. He's currently on vacation and I am going to be out the next week as well. Do you want to send us a draft second amended complaint or some more detail on how you plan to amend? From our perspective the state law claims and the individual defendants ought to be dismissed. While I am sure you disagree to some extent, we would need some more information before stipulating.

For the hearing date, we are amenable to moving that due to your unavailability. What date did you have in mind?

Regards,

**Nicholas M. Grether** | Associate



6033 West Century Boulevard, 5th Floor
Los Angeles, CA 90045

tel:  310.981.2000   |   dir:  310.981.2321
fax: 310.337.0837

ngrether@lcwlegal.com | vCard | Bio | Website

This electronic communication contains information that is confidential, legally privileged, and proprietary. The information contained in this communication is intended only for use by the designated individual or entity. If the reader is not the intended recipient of this communication, the reader is hereby notified that any reliance on the information contained herein is taken at reader's own risk and any dissemination, distribution or copy of this information is strictly prohibited.  If you have received this communication in error, please notify our office immediately by calling 800-645-2696 or reply to this communication and then delete the communication.

**From:** Scott James Street <sstreet@jwhowardattorneys.com>
**Sent:** Tuesday, June 27, 2023 4:17 PM
**To:** Nicholas M. Grether <ngrether@lcwlegal.com>
**Cc:** John Howard <johnh@jwhowardattorneys.com>
**Subject:** McNeff v. City of Pleasanton

**CAUTION - EXTERNAL EMAIL** | DO NOT reply, click links or open attachments unless you have verified the sender and know

Nicholas – I am one of the new lawyers representing Peter McNeff in this case. I wanted to introduce myself and ask whether your clients would agree to us filing a second amended complaint. We would add one claim, eliminate one claim, and clean up some of the other issues you raised in the motion to dismiss. Although I suspect you will eventually bring a motion to dismiss on something, given our expertise in this area of law, I think we can resolve some of the issues you raised and get a complaint that most accurately reflects our assessment of the case. Finally, I am scheduled to be out of town on September 14, the date you had agreed to with prior counsel to argue the motion to dismiss.

Let me know what you think. I copied my partner John Howard on this email, so he is in the loop too.

Thanks.

Best,


Scott J. Street
JWHoward Attorneys Ltd.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
(213) 205-2800
sstreet@jwhowardattorneys.com



This email message has been delivered safely and archived online by Mimecast.

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **October 4, 2023,** I served the foregoing document(s) described as **DECLARATION OF NICHOLAS M. GRETHER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Scott J. Street
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

☐ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 310.337.0837 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☒ **(BY ELECTRONIC SERVICE)** By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from ltokubo@lcwlegal.com to the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL DELIVERY)** I delivered the above document(s) by hand to the addressee listed above.

Executed on **October 4, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/S/ Linda Tokubo*
Linda Tokubo

2
Proof of Service

12193216.1 TO020-128