Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (SBN 80200)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

Attorneys for Plaintiff
PETER MCNEFF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MCNEFF,<br><br>            Plaintiff,<br><br>      vs.<br><br>THE CITY OF PLEASANTON, et al.,<br><br>            Defendants. | Case No. 23-cv-00106-AMO<br><br>Assigned to Hon. Araceli Martinez-Olguin<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  November 30, 2023<br>Time:  2:00 p.m.<br>Crtrm. 10<br><br>Action Filed:      January 10, 2023 |

1

<u>**REPLY BRIEF**</u>

2      Peter McNeff is seeking leave to file a Second Amended Complaint ("SAC") in

3 this action. The case is in its early stages. No discovery has been done. The defendants

4 have not even answered the complaint.

5      The law regarding this matter is clear. "The court should freely give leave [to

6 amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a). Although a

7 discretionary matter, that discretion is guided by the federal policy favoring the

8 disposition of cases on the merits and permitting amendments with "extreme

9 liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

10 (quotations omitted).

11      **The *Foman* factors.** Given the liberal amendment policy, the nonmoving party

12 bears the burden to show "why leave to amend should not be granted." *Genentech,*

13 *Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In determining

14 whether an amendment is appropriate, courts consider five factors, including: (1)

15 undue delay; (2) bad faith; (3) "repeated failure to cure deficiencies by amendments

16 previously allowed"; (4) "undue prejudice to the opposing party"; and (5) "futility of

17 amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* factors are not

18 equally weighted, though. *DCD Programs*, 833 F.2d at 186. Of them, "it is the

19 consideration of prejudice to the opposing party that carries the greatest weight."

20 *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent

21 prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

22 presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

23      Defendants did not show any of those factors here. They claim that Mr. McNeff

24 delayed unduly in seeking leave to amend. They are wrong. The case was filed less

25 than a year ago. The case is not yet at issue. And although Defendants have a motion

26 to dismiss pending, "even if [it] were granted, the Court would still be within its

27 discretion to grant leave to amend if the pleading defects could be cured in an

28

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

amendment ….” *In re AMBAC Fin. Group, Inc. Derivative Litig.*, No. 08 Civ. 854(SHS), 2008 WL 5262428, at *1 (S.D.N.Y. Dec. 11, 2008); *see also Nejo v. Wilshire Credit Corp.*, No. 09cv879 BEN (JMA), 2010 WL 2888905, at *2 (E.D. Cal. July 21, 2010) (granting leave to amend complaint despite pending motion to dismiss because amendment would only cause "garden variety delay already contemplated by Rule 15(a)'s liberal amendment policy"); *Gootnick v. Lighter*, No. C 05-02787 SI, 2006 WL 8460040, at *2 (N.D. Cal. May 16, 2006) (granting leave to amend because case was in its early stages, "discovery [was] ongoing, and the trial date [was] set for March 2007 [nearly a year out from request]").

That rule is especially appropriate here, given recent developments, including an arbitrator's ruling reinstating Mr. McNeff to full employment with back pay. Furthermore, as explained in the motion, McNeff recently retained new counsel who narrowed the case to focus on the principle legal theories. That also supports his request for leave to amend. *See, e.g., Williams v. Gyrus ACMI, LP*, No. 14-CV-00805-BLF, 2015 WL 154733, at *2 n. 3 (N.D. Cal. Jan. 12, 2015) (noting that, even after plaintiff has filed an amended complaint, court "granted leave to amend such that new counsel could file an SAC consistent with its theories of the case").

**Futility.** There is also no merit to Defendants' argument that an amendment would be futile. The proposed SAC eliminates some claims while adding three claims to the case: one claim for retaliation under California's Fair Employment and Housing Act ("FEHA"), a FEHA hostile work environment claim, and a declaratory relief claim based on the unconstitutionality of the Pleasanton Police Department's so-called "Patriot Purge" program. Defendants contends that the FEHA claims are untimely. They are wrong.

The relation-back provisions of state law govern federal civil rights actions when the state law is more liberal. *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir.1989). In California, an amended complaint filed after the statute of

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

limitations has run is not barred if it "relates back" to a timely-filed original complaint. *Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal.3d 596 (1961). Similarly, under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amended complaint relates back to the original complaint when "the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

Both state and federal principles apply here. The FEHA claims are based on the same facts as the First Amendment retaliation claim: namely, that the City discriminated against, retaliated against, and tried to fire McNeff because he held conservative political beliefs. Other courts have found FEHA claims to relate back to the filing of earlier discrimination complaint when they are based on the same facts. *See, e.g., Barnett v. Cal. Dep't of Motor Vehicles*, No. 217CV01517TLNCKD, 2022 WL 2818647, at *3 (E.D. Cal. July 19, 2022) (finding that proposed FEHA claim related back to filing of original complaint because it was based on same essential facts); *see also Mills v. Lynwood Unified Sch. Dist.*, No. CV0705055DDPCTX, 2008 WL 11342613, at *1-2 (C.D. Cal. Apr. 7, 2008) (reaching same result for harassment claim); *cf. Malae v. City of Santa Clara*, No. 21-CV-01453-SI, 2021 WL 3493730, at *6 (N.D. Cal. Aug. 9, 2021) (granting leave to amend because proposed FEHA retaliation claim was "based on the same facts and theory as the First Amendment retaliation cause of action"). There is no dispute that McNeff's FEHA claims, for which he properly exhausted his administrative remedies, would have been timely if they were alleged in the original complaint, as that was filed within a year of McNeff's receipt of the right-to-sue letter.

Defendants know that. Thus, instead of identifying the extreme circumstances that might warrant denying leave to amend, they attacked the legal theories pleaded in the proposed SAC and disparaged McNeff's new counsel. Those attacks are not proper. They do not address the *Foman* factors, or the extreme liberality federal courts

REPLY BRIEF ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC.          CASE NO. 23-CV-00106-AMO

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

show to requests for leave to amend, especially at the early stages of litigation.

**Qualified immunity.** The only argument Defendants made that warrants even passing mention is their argument that, regardless of what the proposed SAC alleges, all claims are barred by qualified immunity. They are wrong. "The defense of qualified immunity protects 'government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schulthies v. Nat'l Passenger R.R. Corp.*, 650 F. Supp. 2d 994, 999 (N.D. Cal. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The law is clear. Public officials, including law enforcement officers, "cannot fire or retaliate against an employee for his political opinions, memberships, or activities." *Bardzik v. County of Orange*, 635 F.3d 1138, 1144 (9th Cir. 2011). That principle is clearly established, and although an exception exists for certain elected officials, *see Betkey v. Cnty. of Los Angeles*, No. CV165863DMGAGRX, 2017 WL 11632281, at *17 (C.D. Cal. Aug. 31, 2017) (discussing it), that exception does not apply here.[1]

In any event, the qualified immunity defense cannot be decided now. "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate …." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). That makes sense, as "the plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Id.* (cleaned up). Indeed, "[t]he ill-considered filing of a qualified immunity appeal on the pleadings alone can lead not only to a waste of scarce public and judicial resources, but to the development of legal doctrine that has lost its moorings in the empirical

---

[1] It is not clear that government employers can assert a qualified immunity defense to a FEHA retaliation claim, as that defense is not listed among the available defenses in California's statutory scheme. *See*, e.g., CACI 2505-2510.

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

world, and that might never need to be determined were the case permitted to proceed, at least to the summary judgment stage." *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004).

This is not one of the rare cases in which the face of the complaint shows that Defendants are entitled to qualified immunity. To the contrary, the SAC alleges Defendants knew they could not discipline, much less fire, McNeff for attending the January 6 rally in Sacramento but they did so anyway. *See* Street Decl., Exh. A, ¶ 20. Those allegations were not made up. They are based on sworn testimony that Defendants gave in the arbitration.

**The other *Foman* factors.** Defendants' remaining arguments lack merit. FEHA's retaliation provision makes it unlawful to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part." Cal. Gov't Code § 12940(h). Courts construe this section broadly to "encompass[ ] a broad range of protected activity" which "may be established by evidence that the plaintiff threatened to file a discrimination charge, by a showing that the plaintiff mistakenly, but reasonably and sincerely believed he was opposing discrimination, or by evidence an employer believed the plaintiff was a potential witness in another employee's FEHA action." *Rope v. Auto-Chlor System of Wash., Inc.*, 220 Cal. App. 4th 635, 652 (2013).

Of course, advocating for disfavored members of the public does not satisfy this requirement because "discrimination by an employer against members of the general public is not a prohibited employment practice under the FEHA." *Dinslage v. City & Cnty. of San Francisco*, 5 Cal. App. 5th 368, 383 (2016). But advocacy does qualify if it involves "some degree of opposition to or protest of the employer's conduct or practices based on the employee's reasonable belief that the employer's action or practice is unlawful." *Id.* at 382.[2]

---

[2] Defendants said nothing about the merits of McNeff's FEHA hostile work

REPLY BRIEF ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC.          CASE NO. 23-CV-00106-AMO

That is the case here. And that is why McNeff's proposed declaratory judgment claim about the Pleasanton Police Department's "Patriot Purge" is relevant. It shows that McNeff's retaliation claim is not just based on his general expressive activity but on aspects of his employment that, construed broadly, fall within FEHA.

The declaratory judgment claim is not an attempt to plead Labor Code claims for damages. After all, the new claim does not seek any damages. It seeks to cleanse the department, to shine a light on the PPD's policy of pushing conservative officers out of the department and to declare that policy unconstitutional. That is the only way to prevent others from being discriminated against due to their political beliefs.

Moreover, there is no merit to Defendants' argument the declaratory relief claim is duplicative of other claims because it is "limited to Plaintiff only …." Opp., at 8. The proposed SAC alleges specifically that the "Patriot Purge" is "an effort by Chief Swing and Captain Cox (among others) to rid the PPD of *officers* who did not agree with their liberal political views." Street Decl., Exh. A, ¶ 19 (emphasis added). The proposed SAC challenges the constitutionality of the entire "Patriot Purge," not just its application to McNeff. *Id.*, ¶ 56; *see also id.*, ¶ 58 (alleging that "Patriot Purge" violates state and federal law by "explicitly discriminating against, and seeking to control, the political beliefs held by officers of the PPD").

The remaining issues are technicalities (such as removing Brian Dolan from the complaint entirely) that can be fixed after McNeff receives leave to amend. They do not weigh against granting relief. And it would be inappropriate to require that McNeff pay Defendants' costs at this early stage. No discovery has been done. The pleadings have not been settled. Therefore, Mr. McNeff respectfully requests that the Court grant the motion.

\ \ \

\ \ \

---

environment claim.

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

REPLY BRIEF ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC.        CASE NO. 23-CV-00106-AMO

Dated: October 9, 2023          JW HOWARD/ATTORNEYS, LTD.


                                /s/ Scott J. Street
                                Scott J. Street
                                Attorneys for Peter McNeff

REPLY BRIEF ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC.          CASE NO. 23-CV-00106-AMO

1

**CERTIFICATE OF SERVICE**

2

3
        At the time of service, I was over 18 years of age and not a party to this action. I
am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of
California. My business address is 600 West Broadway, Suite 1400, San Diego,
California 92101.

4

5
        On October 9, 2023, I caused the **REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT** to be filed and served via the Court's Electronic Service upon the parties
listed on the Court's service list for this case.

6

7

8

9
        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on October 9, 2023 at San Diego, California.

10

11
                                    */s/ Dayna Dang*
                                    Dayna Dang, Paralegal
                                    dayna@jwhowardattorneys.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

REPLY BRIEF ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC.          CASE NO. 23-CV-00106-AMO