Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Nicholas M. Grether, Bar No. 268848
ngrether@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone: 559.256.7800
Facsimile: 559.449.4535

Attorneys for Defendants THE CITY OF PLEASANTON, DAVID SWING, and LARRY COX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual,,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SWING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals,<br><br>Defendant. | Case No.: 3:23-cv-00106-AMO<br><br>Complaint Filed: January 10, 2023<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order re Motion to Dismiss; and [Proposed] Order re Request for Judicial Notice]<br><br>Date: March 7, 2024<br>Time: 2:00 p.m.<br>Ctrm: 10 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 7, 2024,[1] at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 10, of the above-entitled

---

[1] This was the earliest date available on the Court's calendar, which also allows time for Plaintiff's Opposition and Defendants' Reply.

Court, Defendants THE CITY OF PLEASANTON ("City"), a City within the State of California; DAVID SWING ("Chief Swing"), an individual; and LARRY COX ("Captain Cox"), an individual (Chief Swing and Captain Cox are referred to collectively as "Individual Defendants" where appropriate, and the Individual Defendants and City are referred to collectively as "Defendants"), will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the claims in PETER MCNEFF'S ("Plaintiff") Second Amended Complaint in their entirety and without leave to amend.  The Motion is based on the following grounds:

1. Plaintiff's first claim against Captain Cox fails to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2. Plaintiff's first claim against the Individual Defendants fails because the Individual Defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

3. Plaintiff's second claim against the City fails to state a claim upon which relief can be granted and Plaintiff does not plead a constitutional right violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a "final policymaker." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Defendants' Motion will be based on this Notice and Motion, the Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, all pleadings and papers filed by the parties herein, and any other oral and

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

2

Defendants' Notice of Motion and Motion to Dismiss Second Amended Complaint;
3:23-cv-00106-AMO

12295382.4 PL068-025

documentary evidence presented at or before the hearing on this Motion.

Dated:  January 23, 2024  LIEBERT CASSIDY WHITMORE

By */S/ Nicholas M. Grether*
Jesse J. Maddox
Nicholas M. Grether
Attorneys for Defendants THE CITY OF PLEASANTON, DAVID SWING, and LARRY COX

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................8

II. FACTS ..........................................................................................................................9

III. PROCEDURAL HISTORY........................................................................................10

IV. LEGAL STANDARD.................................................................................................10

V. LEGAL ARGUMENT ................................................................................................11

    A. PLAINTIFF'S FIRST CLAIM FAILS AS A MATTER OF LAW .......................11

        1. Plaintiff Has Failed to State a Claim for Relief against Captain Cox ........................................................................................11

        2. The Individual Defendants are Entitled to Qualified Immunity..................................................................................................13

    B. PLAINTIFF'S SECOND CLAIM HAS NOT ESTABLISHED MUNICIPAL LIABILITY...........................................................................................16

VI. CONCLUSION...........................................................................................................20

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Akins v. Fulton Cty.*,
   420 F.3d 1293 (11th Cir. 2005 ..................................................................................15

*Andrews v. City of Henderson*,
   35 F.4th 710 (9th Cir. 2022) ......................................................................................16

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..................................................................................................12

*Ballou v. McElvain*,
   29 F.4th 413 (9th Cir. 2022) ......................................................................................16

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................................2, 12, 13

*Bennett v. Hendrix*,
   423 F.3d 1247 (11th Cir. 2005) .................................................................................14

*Branch v. Tunnell*
   14 F.3d 449, 454 (9th Cir. 1994) ...............................................................................12

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*
    149 F.3d 971 (9th Cir. 1998) ....................................................................................14

*Brosseau v. Haugen*,
   543 U.S. 194 S. Ct. 596 (2004) .................................................................................16

*Burns v. County of King*
   883 F.2d 819 (9th Cir. 1989) .....................................................................................18

*City of Canton, Ohio v. Harris*
   489 US 378 (1989) ....................................................................................................20

*City of St. Louis v. Praprotnik*
   485 U.S. 112 (1988) ............................................................................................18, 20

*District of Columbia v. Wesby*,
   583 U.S. 48 S. Ct. 577 (2018) ...................................................................................16

*Durning v. First Boston Corp.*
   815 F.2d 1265 (9th Cir. 1987) ...................................................................................11

*Ellins v. City of Sierra Madre*
   710 F.3d 1049 (9th Cir. 2013) .............................................................................18, 19

*Enesco Corp. v. Price/Costco, Inc.*,
   146 F.3d 1083 (9th Cir. 1998) ...................................................................................11

*Gillette v. Delmore*
 979 F.2d 1342 (9th Cir. 1992) ................................................................................................18

*Harlow v. Fitzgerald*
 457 U.S. 800 (1982) ................................................................................................................14

*Kisela v. Hughes*,
 138 S. Ct. 1148 (2018) ............................................................................................................16

*Knox v. Southwest Airlines,*
 124 F.3d 1103 (9th Cir. 1997 ..................................................................................................14

*Lassiter v. City of Bremerton*
 556 F.3d 1049 (9th Cir. 2009) ................................................................................................18

*Mack v. South Bay Beer Distributors*
 798 F.2d 1279 (9th Cir. 1986) ................................................................................................11

*Martinez v. City of Clovis*,
 943 F.3d 1260 (9th Cir. 2019) ................................................................................................17

*Monell v. Department of Social Services*
 436 U.S. 658 (1978) ..............................................................................................2, 18, 19, 20

*Mullis v. United States Bankruptcy Court*
 828 F.2d 1385 (9th Cir. 1987) ................................................................................................11

*Navarro v. Block*
 72 F.3d 712 (9th Cir. 1995) ....................................................................................................20

*Parrino v. FHP, Inc.*
 146 F.3d 699 (9th Cir. 1988) ..................................................................................................12

*Pearson v. Callahan*
 555 U.S. 223 (2009) ................................................................................................................14

*Rizzo v. Goode*
 423 U.S. 362 (1976) ................................................................................................................17

*Saucier v. Katz*
 533 U.S. 194 (2001) ..........................................................................................2, 14, 15, 16

*Shooter v. Arizona*,
 4 F.4th 955 (9th Cir. 2021) .....................................................................................................17

*Sprewell v. Golden State Warriors*
 266 F.3d 988 (9th Cir. 2001) ..................................................................................................11

*West v. Atkins*
 487 U.S. 42 (1988) ..................................................................................................................17

*Williams v. Gorton*
 529 F.2d 668 (9th Cir. 1976) ..................................................................................................17

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

**State Statutes**

42 U.S.C. section 1983 ...................................................................................................9, 10

Government Code section 34851 ............................................................................................19

**Rules**

Federal Rules of Civil Procedures 12(b)(6) ............................................................................11, 14

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants THE CITY OF PLEASANTON ("City"), a City within the State of California; DAVID SWING ("Chief Swing"), an individual; and LARRY COX ("Captain Cox"), an individual (Chief Swing and Captain Cox are referred to collectively as "Individual Defendants" where appropriate, and the Individual Defendants and City are referred to collectively as "Defendants"), hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiff PETER MCNEFF'S ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiff alleges that, on or about January 7, 2021, the Pleasanton Police Department ("PPD") received a complaint from a City police officer that Plaintiff was a member of the "Proud Boys," who were accused of organizing the unprecedented events in Washington, D.C., on January 6, 2021. Another officer in the PPD submitted another complaint on January 10, 2021, related to information found on Plaintiff's Facebook page. Following the January 10 complaint, Plaintiff was placed on leave pending an investigation. An investigation determined that Plaintiff had attended the "Stop the Steal" rally in Sacramento, CA, not Washington, D.C., but had not engaged in misconduct by doing so. However, the investigation sustained other violations of City and PPD policies.

After the investigation, Plaintiff was terminated from his position as a police officer based on the sustained allegations in the investigation report. Pursuant to the applicable MOU, Plaintiff challenged his termination, which was overturned in arbitration, and he has since returned to work in the PPD.

Plaintiff filed this SAC, alleging violations of the First Amendment (via 42 U.S.C. § 1983) against the Individual Defendants and the City. Plaintiff's SAC should be dismissed in its entirety for several reasons.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

For the first claim against the Individual Defendants, they are entitled to qualified immunity, for their discretionary actions. The SAC alleges the Individual Defendants performed standard personnel actions, such as informing an investigation subject about an investigation and deciding to recommend termination for violation of policies.  For the second claim, Plaintiff does not identify a policy, custom, failure to train, or decision by a final policymaker to support the City's liability under the First Amendment. This is essential to hold a municipality liable under 42 U.S.C. section 1983.  Thus, Plaintiff's second claim fails against the City.

For these reasons, Defendants request that the Court dismiss the SAC without leave to amend.

## II.     FACTS[1]

On January 6, 2021, Plaintiff attended a "Stop the Steal" rally in Sacramento, California. SAC at ¶ 10.  He posted pictures of himself and his wife at the rally on his personal Facebook page. *Id*.  A City police officer sent a memo to Chief Swing on January 7, 2021, accusing Plaintiff of being a member of the "Proud Boys." *Id*. at ¶ 12.  Another officer searched Plaintiff's social media and sent a complaint to the City on January 10, 2021. *Id*. at ¶ 16.

In March 2021, the PPD launched an internal affairs investigation. SAC at ¶ 18. Chief Swing delegated the investigation to Captain Cox, and an outside law firm investigated five separate allegations against Plaintiff. *Id*. at ¶ 20.  The outside law firm interviewed several PPD officers with respect to each of the five allegations. *Id*. at ¶¶ 21-22.

The outside investigation sustained two findings against Plaintiff for violations of PPD and City policies. SAC at ¶¶ 22-23, Ex. A.  The City's termination of Plaintiff was overturned in arbitration pursuant to Plaintiff's rights in the MOU. *Id*. at ¶ 25.

---

[1] Defendants neither admit nor deny the accuracy of the facts set forth in the SAC.  The operative facts as alleged in Plaintiff's SAC are set forth for the purpose of this Motion.

In this lawsuit, Plaintiff seeks compensatory damages, emotional distress damages, interest, costs, and attorneys' fees. SAC at p. 11:13-17.

## III. PROCEDURAL HISTORY

Plaintiff filed his original Complaint in this Court on January 10, 2023. Plaintiff filed an Amended Complaint on May 1, 2023, and Defendants filed a Motion to Dismiss. The Court granted the Motion to Dismiss on November 30, 2023, with leave to amend. Plaintiff filed his SAC on January 9, 2024. The SAC alleges the following claims:

1. 42 U.S.C. § 1983/First Amendment Retaliation against the Individual Defendants; and
2. 42 U.S.C. § 1983/First Amendment Retaliation against the City.

## IV. LEGAL STANDARD

A complaint is properly dismissed if the facts contained therein are insufficient to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court's review is generally limited to the contents of the complaint, with all allegations of material fact taken as true and construed in the light most favorable to the plaintiff. *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). However, allegations in the complaint need not be accepted as true if they are merely conclusory, unwarranted deductions of fact, or unreasonable inferences (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), or if they contradict matters properly subject to judicial notice or by exhibit attached to the complaint. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986). In addition, a defendant may attach to a Rule 12(b)(6) motion

any document referred to in a complaint, to show that the document(s) do(es) not support the plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *overruled on other grounds as recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). Thus, a court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon in but not attached to the complaint when authenticity is not contested, and judicially noticeable documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988).

## V.     LEGAL ARGUMENT

Each of Plaintiff's claims should be dismissed as a matter of law, without leave to amend. The claims as alleged are: (1) barred by immunities and (2) insufficient to state a claim upon which relief can be granted.

### A.     PLAINTIFF'S FIRST CLAIM[2] FAILS AS A MATTER OF LAW

#### 1.     Plaintiff Has Failed to State a Claim for Relief against Captain Cox

The Court must dismiss a claim for relief where the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937 (2009). A pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id*.

---

[2] Plaintiff refers to his counts as causes of action in the SAC.

11

Plaintiff's SAC contains insufficient allegations against Captain Cox to support a First Amendment retaliation claim. The totality of the factual allegations ascribed to each of them in the SAC are as follows:

**Captain Cox**

- Captain Cox knew the investigation was improper. SAC, ¶ 20.
- Captain Cox knew he could not punish Plaintiff was participating in a political rally. SAC, ¶ 20.
- He and Chief Swing designed the investigation to back through years of social media posts. SAC, ¶ 20.
- He and Chief Swing hired a law firm to conduct the investigation. SAC, ¶ 21.
- He disparaged Plaintiff during the termination process. SAC, ¶ 24.

Other than these threadbare allegations, Plaintiff does not allege what actions Captain Cox took that will allow this Court to draw the inference that he violated Plaintiff's civil rights. Plaintiff's SAC alleges that the complaints about Plaintiff's social media posts came from other officers (not Captain Cox), the investigation was conducted by a law firm, and Chief Swing tried to fire Plaintiff. All of Plaintiff's allegations, including those listed above, fall within the ambit of the first working principle underlying *Twombly*, namely that the Court need not accept legal conclusions. Plaintiff's allegations do not even allege that Captain Cox took any action against Plaintiff in retaliation for his purported protected speech. Plaintiff has alleged no facts to support his conclusion that the Captain Cox can be personally liable for a violation of his First Amendment rights. Plaintiff has not "state[d] a claim to relief that is plausible on its face," and the Court should dismiss Captain Cox from this lawsuit.

///

///

## 2. The Individual Defendants are Entitled to Qualified Immunity

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Determining whether qualified immunity applies involves a two-step inquiry: (1) if the facts alleged show that the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Saucier v. Katz,* 533 U.S. 194, 201 (2001), abrogated in part on other grounds by *Pearson v. Callahan* 555 U.S. 223 (2009).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier*, 533 U.S. at 200 (internal quotes omitted). Therefore, qualified immunity questions should be resolved "at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 232. Accordingly, it is proper for the Court to consider and grant a request for qualified immunity at the Fed. R. Civ. P. 12(b)(6) stage.

The qualified immunity test " 'allows ample room for reasonable error on the part of the [governmental official]'." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 976 (9th Cir. 1998) (quoting *Knox v. Southwest Airlines,* 124 F.3d 1103, 1107 (9th Cir. 1997).

> Qualified immunity safeguards 'all but the plainly incompetent or those who knowingly violate the law.'" … "'[I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized.'

*Id*.

"In the [public] employment context, the required adverse action in a retaliation claim is an 'adverse employment action.'" *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). An action constitutes an adverse employment action in

a First Amendment retaliation case if the "alleged employment action would likely chill the exercise of constitutionally protected speech." *Akins v. Fulton Cty.*, 420 F.3d 1293, 1300 (11th Cir. 2005). The complained-of action must also involve an important condition of employment. *Id*.

In sum, Plaintiff claims that Chief Swing received a memo from a sergeant alleging that Plaintiff was a member of the "Proud Boys" political group that was accused of organizing the January 6, 2021 attempted insurrection. Then, on January 10, 2021, an anonymous complaint was sent to the City complaining about Plaintiff's attendance at the Sacramento rally on January 6, 2021. Plaintiff was placed on leave, and then in March 2021, an internal affairs investigation was launched.

Plaintiff claims that the City then used that time to dig through Plaintiff's social media accounts. However, as noted from the SAC (¶¶ 12-17) and arbitration award attached to the SAC (Ex. A at p. 2-3), it was other City police officers, not Chief Swing or Captain Cox, who submitted the social media posts to the City in the memo and anonymous. As alleged in the SAC, an independent law firm conducted the internal affairs investigation, ultimately sustaining two of the allegations against Plaintiff. Importantly, neither of the sustained allegations had anything to do with any of Plaintiff's conduct on January 6, 2021. See SAC, at Ex. A, p. 4. Plaintiff then concludes that his subsequent termination, since overturned in arbitration under the applicable MOU, for the two violations of policies was really motivated by Plaintiff's attendance at a Sacramento rally on January 6, 2021. Plaintiff also claims that his First Amendment rights were violated for social media posts made before he was an employee of the City.

Per the SAC, Chief Swing and Captain Cox did not submit the initial complaints, which formed the basis of the internal affairs investigation. Thus, those activities cannot support a violation of Constitutional rights. Plaintiff alleges

without any factual support that Captain Cox designed the investigation to review old social media posts, even though we know the complaints were submitted by other officers and an outside law firm conducted the investigation.

Here, the only claims of adverse treatment were an internal affairs investigation ordered by Chief Swing and termination recommended by Chief Swing. As discussed more thoroughly below, Chief Swing does not have final decision-making power. However, for this analysis, any claim against Captain Cox can be disposed of. Plaintiff does not allege any act by Captain Cox taken that was adverse to Plaintiff, beyond vague conclusions, but there is no allegation that Captain Cox even had the power to take the adverse actions alleged.

As for the second part of the analysis, whether a right is clearly established, the answer depends on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Rights are clearly established when "every reasonable official would have understood that what he is doing violates that right." *Andrews v. City of Henderson*, 35 F.4th 710, 718 (9th Cir. 2022) (citation omitted). The Supreme Court "has repeatedly told courts . . . not to define clearly established law at a high level of generality," *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018), but there "can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances," *District of Columbia v. Wesby*, 583 U.S. 48, 64, 138 S. Ct. 577 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199, 125 S. Ct. 596 (2004) (per curiam)). "[T]here need not be a Supreme Court or circuit case 'directly on point,' but 'existing precedent must place the lawfulness of the conduct beyond debate.'" *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (quoting *Tobias v. Arteaga*, 996 F.3d 571, 580 (9th Cir. 2021)). "[W]e 'may look to decisions from the other circuits' to determine whether they reflect a 'consensus of courts' that can be

said to clearly establish the relevant law." *Shooter v. Arizona*, 4 F.4th 955, 963 (9th Cir. 2021) (quoting *Martinez v. City of Clovis*, 943 F.3d 1260, 1276 (9th Cir. 2019)).

Here, Plaintiff has not alleged any facts suggesting that the Individual Defendants should have been aware that their alleged actions violated Plaintiff's "clearly established" constitutional rights. Plaintiff does not have a right to violate City and PPD policies and that is what was alleged in the termination. As noted above, Plaintiff makes virtually no allegations against Captain Cox. He then alleges in a conclusory manner that Chief Swing made the decision to fire Plaintiff in violation of Plaintiff's rights. Then, Plaintiff alleges he successfully had his termination based on violation of City policies overturned. There are simply no facts pleaded as to why the Individual Defendants should have known that firing an employee for a violation of City policies was a clearly established constitutional right.

Plaintiff's allegations do not support a constitutional violation since Plaintiff only alleges conclusions.  Consequently, the Individual Defendants are entitled to qualified immunity from Plaintiff's First Amendment claim.

**B.     PLAINTIFF'S SECOND CLAIM HAS NOT ESTABLISHED MUNICIPAL LIABILITY**

To plead a section 1983 violation, Plaintiff must allege facts from which the Court may infer that: (1) he was deprived of a federal right; and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must allege that they suffered a specific injury and show a causal relationship between the defendant's conduct and the injury allegedly suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  As with other complaints, conclusory allegations unsupported by facts are insufficient to state a

civil rights claim under section 1983. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (holding that plaintiff's claims of a conspiracy to violate his constitutional rights under section 1983 failed because they were supported only by conclusory allegations).

A municipality may be held liable under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Municipal liability may attach if an employee commits an alleged constitutional violation "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure....' " *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932 (1993). A local governing body can be sued directly under section 1983 for monetary, declaratory or injunctive relief when the allegedly unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690. Municipalities may be subject to damages when the plaintiff was injured pursuant to the decision of a "final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013). For liability through ratification, Plaintiff must show it was "the product of a conscious, affirmative choice to ratify the conduct in question." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009).

Here, Plaintiff describes the actions that led to his termination; however, there are only conclusory statements that one of the Individual Defendants, Chief Swing, had policymaking authority. SAC ¶¶ 41-45. Despite Plaintiff's conclusory allegation to the contrary, Chief Swing was not a final policy-maker.

State law determines whether an official is a policymaker for *Monell* purposes. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124 (1988). California

permits municipalities to enact regulations creating a "city manager" form of governance. Cal. Gov't Code § 34851. Here, Pleasanton's Municipal Code establishes that the "city manager shall be the administrative head of the government … [and] shall be responsible for the efficient administration of all the affairs of the city which are under her or her control." See RJN, Ex. A, at Pleasanton Muni. Code section 2.08.070. Further, it "shall be the duty of the city manager and the city manager shall have the authority to control, order and give directions to all heads of departments and to subordinate officers and employees of the city…" See RJN, Ex. A, at Pleasanton Muni. Code section 2.08.090. Thus, Chief Swing cannot be considered a policymaker under *Monell* because, per the Pleasanton Municipal Code, he reports to the City Manager.

As for the acting City Manager, Plaintiff only submits mere conclusions of law that the act of termination was ratified. See *Ellins*, 710 F. 3d at 1066-1067 [even though City Manager knew about Chief of Police's delay in signing POST application, there was no allegation the delay was in retaliation for protected speech or that the City Manager ratified that decision on that basis]. Plaintiff merely states, "[t]he City Manager also knew about and ratified the decision…" SAC, ¶ 24.[3] There is simply nothing more alleged beyond conclusions that the City Manager actually ratified any decision on the basis of violating First Amendment Rights. Plaintiff's allegations are insufficient to establish that the City can be held liable for a violation of Plaintiff's constitutional rights that can be attributed to the City for purposes of liability.

Additionally, there are no allegations to support municipal liability under any other theory under *Monell*. Plaintiff is alleging an individualized harm resulting from his termination, which was later overturned. Nothing about the City's actions were related to an unconstitutional policy. Plaintiff focuses on the legitimate

---

[3] Also, see ¶ 43, "City Manager knew about the unlawful actions … and ratified the decision."

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

actions of Captain Cox and Chief Swing without connecting them to a constitutional violation. Indeed, there are no allegations that the ultimate decision-maker and only person who by law can be a policymaker, either took any actions to violate Plaintiff's constitutional rights or any facts to show that the City Manager took any conscious action to violate Plaintiff's constitutional rights. It was the legitimate exercise of authority by the City to investigate and ultimately seek termination an employee for violation of policies.

Nor does the SAC support municipal liability through custom or a failure to train. "Custom" is a "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127. Evidence of a single act or random acts are insufficient to establish a custom or policy. *Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995). A municipality is only liable for injuries caused by an alleged failure to train where a plaintiff can show that municipal officials were deliberately indifferent to the rights of the persons with whom the offending employees were likely to come into contact. *City of Canton, Ohio v. Harris,* 489 US 378, 388 (1989).

Here, Plaintiff does not allege any custom or failure to train in the SAC. Plaintiff does not allege that other employees have been subjected to similar employment consequences. Rather than a failure to train, the SAC refers to Plaintiff being investigated and subsequently terminated for violations of City and PPD policies. Importantly, while Plaintiff alleges that his termination was for his political activity, the SAC acknowledges that Plaintiff was exonerated for the related allegation. Far from a custom or failure to train, this is an example of a City applying its policies in deciding to terminate an employee. Since Plaintiff has not sufficiently alleged a basis for municipal liability under *Monell*, the section 1983 claim against the City should be dismissed without leave to amend.

## VI. **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Second Amended Complaint in its entirety without leave to amend. Alternatively, Defendants request that Plaintiff be required to submit a more definite statement.

Dated: January 23, 2024                     LIEBERT CASSIDY WHITMORE

By   */S/ Nicholas M. Grether*
     Jesse J. Maddox
     Nicholas M. Grether
     Attorneys for Defendants THE CITY OF PLEASANTON, DAVID SWING, and LARRY COX