Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Nicholas M. Grether, Bar No. 268848
ngrether@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:  559.256.7800
Facsimile:   559.449.4535

Attorneys for Defendants THE CITY OF PLEASANTON, DAVID SWING, and LARRY COX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| PETER MCNEFF, an individual,,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF PLEASANTON, a City within the State of California; THE PLEASANTON POLICE DEPARTMENT, a Division of defendant City; DAVID SWING, an individual; LARRY COX, an individual; BRIAN DOLAN, an individual; and DOES 1-10, individuals,<br><br>    Defendant. | Case No.: 3:23-cv-00106-AMO<br><br>Complaint Filed: January 10, 2023<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    March 7, 2024<br>Time:   2:00 p.m.<br>Ctrm:   10 |

## I. INTRODUCTION

Plaintiff Peter McNeff ("Plaintiff") is a current employee of the City of Pleasanton ("City") in the Pleasanton Police Department ("PPD"). His Opposition shows precisely why Plaintiff's Second Amended Complaint ("SAC") should be dismissed, without leave to amend. Many of the changes to the SAC amount to an attempt to create a sham pleading to support liability for the City, Chief Swing, and Captain Cox (collectively, "Defendants" [Chief Swing and Captain Cox are referred to as "Individual Defendants" where appropriate]).

The allegations are insufficient to support liability against Captain Cox. Plaintiff's SAC attempts to craft a narrative to avoid the facts about complaints that led to the investigations and ignores that Captain Cox merely recommended termination. Plaintiff misrepresents the very complaints by PPD officers, which are detailed in Exhibit A to the SAC. The City investigated the various complaints it received. It did not design an investigation to randomly review Plaintiff's social media history.

Further, Captain Cox and Chief Swing are entitled to qualified immunity. There is no support for the contention that investigating complaints and then using their discretion to recommend termination for violations of policy are knowing violations of Plaintiff's Constitutional rights.

Lastly, Plaintiff vaguely alleges that City Manager delegated authority to Chief Swing. However, there is no allegation that the delegation went beyond choosing to investigate and recommending termination. Plaintiff then tries to claim that the City Manager ratified the decision to terminate Plaintiff. However, there is no allegation that the City Manager did so in order to violate Plaintiff's Constitutional rights. These allegations are insufficient to establish liability for the City.

Plaintiff asks why the Defendants are so eager to get out of this case. It is

because the claims made against them should be dismissed. He also argues that unless misconduct is disclosed to the public, there should be no investigation or discipline. By Plaintiff's own admission, his conduct was inappropriate. The PPD is not required to simply wait around for an officer to engage in biased behavior. The Defendants' actions were justified based on the complaints, Plaintiff's admission of inappropriate behavior, and soundly within their discretion. Defendants respectfully request that their Motion to Dismiss Plaintiff's SAC be granted without leave to amend.

II. **LEGAL ARGUMENT**

    A. **PLAINTIFF'S FIRST CLAIM FOR RETALIATION AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED**

        1. **Plaintiff Fails to Allege Sufficient Facts against Captain Cox to Establish Liability**

Other than conclusory allegations about Captain Cox, Plaintiff does not sufficiently allege actions taken by Captain Cox that will allow this Court to draw the inference that he violated Plaintiff's civil rights. Plaintiff argues in his Opposition that Captain Cox "oversaw the investigation of [Plaintiff's] social media accounts," and designed the investigation to go back through past social media posts. See Dkt. 50, at p. 14:11-13. However, the SAC does not contain the allegation that Captain Cox "oversaw" an investigation. Rather, it claims that "Chief Swing and Captain Cox hired a law firm to handle the investigation." Dkt. 47, at p. 5:3-4. Plaintiff cannot use his Opposition to amend what he has pleaded in his SAC to make another attempt to argue that Captain Cox violated Plaintiff's constitutional rights.

The allegation that the investigation was improperly designed is contradicted by the Arbitrator's decision attached to the SAC. Plaintiff claims in the SAC (¶¶ 12-16) that Sergeant Shuffield accused Plaintiff of being a member of the "Proud

Boys," and PPD Officer Batt complained about Plaintiff attending the "Stop the Steal" rally in Sacramento. Dkt. 47. Yet, Plaintiff's Opposition is now trying to make it appear that there was no complaint about his social media posts so that he can argue that Chief Swing and Captain Cox "designed" an investigation of Plaintiff's social media history out of seemingly nowhere. The arbitrator is very clear in the decision attached to the SAC that "Batt took screenshots of the McNeff Facebook posts he found objectionable and sent the screenshots via an anonymous 'citizen's complaint.'" Dkt. 47, at p. 16. Thus, the decision and the SAC contradict what Plaintiff now argues in his Opposition.

The PPD made the reasonable decision to investigate based on the complaint it received. Additionally, another PPD Officer made an additional complaint about McNeff's comments related to COVID protocols. Dkt. 47, at p. 16. Plaintiff argues, without any factual support or support in his SAC, that the PPD should have simply ignored these complaints. However, police departments should not and do not operate that way when it comes to complaints about biased policing.

Plaintiff cannot simply bend the truth in any which way he chooses. He cannot claim that the Batt and Shuffield complaints were both solely related to Plaintiff's attendance at the January 6, 2021, "Stop the Steal" rally. He cannot ignore the other complaint about Plaintiff's comments about fighting, violence, and violence. These complaints led the law firm to investigate Plaintiff's past social media activity. Even Plaintiff admits his social media posts were inappropriate. Dkt. 47, at p. 31. To allege that Captain Cox designed an investigation to randomly review Plaintiff's social media posts and then oversaw it to violate Plaintiff's constitutional rights is not only false, but belied by Plaintiff's SAC.

On the whole, Plaintiff's SAC alleges that Captain Cox undertook normal actions to coordinate an investigation, review the results of an investigation, and recommend a course of action. Plaintiff's allegations fall within the ambit of the

first working principle underlying *Twombly*, namely that the Court need not accept legal conclusions that the motivations were unlawful. Plaintiff has alleged no facts to support his conclusion that Captain Cox acted to violate Plaintiff's First Amendment rights. Plaintiff has not "state[d] a claim to relief that is plausible on its face," and the Court should dismiss Captain Cox from this lawsuit.

### 2. The Individual Defendants are Entitled to Qualified Immunity.

Plaintiff's Opposition argues that his conclusory allegations in the SAC about Chief Swing's and Captain Cox's purported bias are sufficient to avoid application of qualified immunity. However, a careful review of the factual allegations in the SAC shows that the PPD was confronted with multiple complaints about Plaintiff's social media activity, including one such instance from 2020; Chief Swing delegated responsibility for the investigation to Captain Cox; Chief Swing and Captain Cox hired a law firm to conduct the investigation; Captain Cox reviewed the investigation and recommended termination; and Chief Swing agreed with Captain Cox's recommendation.

As noted in *Knox v. Southwest Airlines,* 124 F.3d 1103, 1107 (9th Cir. 1997), "if officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." Here, there are only <u>conclusions</u> that Captain Cox and Chief Swing intended to violate Plaintiff's civil rights. Rights are clearly established when "every reasonable official would have understood that what he is doing violates that right." *Andrews v. City of Henderson,* 35 F.4th 710, 718 (9th Cir. 2022). Captain Cox and Chief Swing merely engaged in the type of discretionary actions such as ordering an investigation, reviewing results, and recommending a course of action that ought to afford them qualified immunity from suit. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

Plaintiff does not identify any cases to support his claim for First Amendment retaliation in this context. As noted above, Plaintiff cannot plausibly claim that the investigation was retaliatory or designed improperly. Rather, the investigation was based on complaints from multiple PPD officers for Plaintiff's social media activity. Dkt. 47, at p. 16. As for termination, it was based on the sustained policy violations from the investigation conducted by a law firm. There is no indication that Chief Swing and Captain Cox should have clearly known that recommending discipline for policy violations violated Plaintiff's First Amendment rights.

### B.     PLAINTIFF DOES NOT ESTABLISH LIABILITY FOR THE CITY UNDER *MONELL*

Plaintiff claims that Captain Cox and Chief Swing are policymakers, despite the fact that under the City of Pleasanton's Municipal Code, Chief Swing reports to the City Manager.  See RJN, Ex. A, at Pleasanton Muni. Code section 2.08.070. In the SAC, Plaintiff concludes that Chief Swing's decision to carry out an investigation and termination constitute final decisions from a policymaker. Plaintiff also vaguely alleges, "Given that the law firm largely exonerated McNeff … [Plaintiff] expected to return to work. Instead, the City tried to fire him. That decision was made by Chief Swing acting pursuant to authority delegated to him by the City Manager." Dkt. 47, at p. 5:17-20. This does not allege that Chief Swing had been delegated the authority to terminate the Plaintiff. Rather, it accurately describes the structure of the City. Chief Swing could recommend termination and then the City Manager will make the final decision.

The claim that the City Manager delegated authority to try to fire Plaintiff is purposely vague to avoid making any factual allegations. In order to try and save *Monell* liability, Plaintiff claims that the "City Manager knew about the unlawful actions taken against McNeff by Chief Swing and Captain Cox—namely the

retaliatory investigation and termination proceeding—and ratified the decision." Dkt. 47, at p. 10:26-11:1.

This claim is not plausible on its face. First, Plaintiff provides no factual allegation as to how the City Manager knew that the investigation into Plaintiff's admittedly inappropriate conduct was retaliation for Plaintiff's exercise of free speech. Second, there is no allegation that agreeing with Chief Swing's termination recommendation was ratified in order to retaliate against Plaintiff. As the court noted in *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-1067 (9th Cir. 2013), even where the official knows about the factual basis for an employment decision, there must be sufficient allegations that the official is ratifying a decision on that unlawful basis. This is now the third time Plaintiff has brought this claim to the Court, and it is clear at this point he cannot establish liability for the City under *Monell*. This claim should be dismissed without leave to amend.

## III. CONCLUSION

Based on the foregoing and Notice of Motion, Motion, Points and Authorities, and supporting documents, Defendants respectfully request that the Court dismiss Plaintiff's Second Amended Complaint in its entirety without leave to amend.

Dated: February 13, 2024                              LIEBERT CASSIDY WHITMORE

By  */S/ Nicholas M. Grether*
    Jesse J. Maddox
    Nicholas M. Grether
    Attorneys for Defendants THE CITY OF PLEASANTON, DAVID SWING, and LARRY COX